GEORGE M. HITCHCOCK, executor, *vs.* WILLIAM H. SHAW.

Hampden.　September 27, 1893. — November 28, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Will — Competency of Attesting Witness.*

A will gave to a town the interest of a fund of about $2,500, to be used each year in the purchase of books for the town library.　One of the attesting witnesses was an inhabitant of and a taxpayer in the town, having real estate valued at about $2,500.　The valuation of the town was about $500,000; and at the time the will was executed, a library was maintained by the town for the use of all its inhabitants, and the money received from the dog fund, so called, was usually appropriated therefor.　*Held,* that the witness was competent.

The fact that an attesting witness to a will, by which the interest of a fund is given to a town to be used in the purchase of books for the town library, may have, as an inhabitant of the town, the use of the books so purchased, does not render him incompetent.

LATHROP, J.　This is an an appeal from a decree of a single justice of this court, affirming a decree of a judge of the Probate Court admitting to probate an instrument purporting to be the last will and testament of Ursula J. Shaw.　This instrument, after mentioning several legacies, directs that the residue of the estate shall be divided into two equal parts, and provides that one part shall constitute the Shaw fund, and proceeds as follows: " which fund I give and bequeath to the town of Brimfield, in Hampden County, in the State of Massachusetts, the principal thereof to be never diminished, but the interest thereof to be used each and every year in the purchase of books for the town library; if for any cause the town of Brimfield cannot by law take this legacy, then I give it to my executor in trust forever, with power to perpetuate the trust, but for the uses and purposes of increasing and adding to the town library of good and useful books."

This instrument was signed by the testatrix and by three witnesses.　The only objection to its admission to probate which has been argued before us is, that one of the witnesses at the time of the attestation of the instrument was an inhabitant of and a taxpayer in the town of Brimfield, having real estate valued at about $2500.　The residue of the estate of the testatrix

will be about $5,000, and the valuation of Brimfield is about $500,000. At the time of the execution of the instrument, a town library was maintained by said town for the use of all its inhabitants, and the money received from the dog fund, so called, was usually appropriated therefor. See Pub. Sts. c. 102, § 107.

Section 10 of the Pub. Sts. c. 40, provides : " Any town may at a legal meeting grant and vote money for the establishment, maintenance, or increase of a public library therein, and for erecting or providing suitable buildings or rooms therefor ; and may receive, hold, and manage any devise, bequest, or donation for the establishment, increase, or maintenance of any such library." As the town may take under this bequest, the contingency provided for by the last part of the residuary clause does not arise ; and the single question is whether the witness has such an interest that he cannot be considered a competent witness. If the answer is in the affirmative, the will is of no effect, under the Pub. Sts. c. 127, §§ 1, 7.

The provision of the Pub. Sts. c. 169, § 18, that no person of sufficient understanding shall be excluded from giving evidence as a witness by the express provision of § 21 does not apply to the attesting witnesses to a will. The competency of such witnesses is to be determined by the rules of the common law. *Sparhawk* v. *Sparhawk*, 10 Allen, 155. *Sullivan* v. *Sullivan*, 106 Mass. 474. By these rules, to disqualify a witness his interest " must be a present vested interest, and not uncertain and contingent. And where the interest is of a doubtful nature, the objection goes to the credit, and not to the competency, of the witness." Wilde, J., in *Hawes* v. *Humphrey*, 9 Pick. 350, 356.

In the case last cited, a large estate was given by will to trustees for the use and benefit of the inhabitants of South Boston, one half of the income to be applied to the support and maintenance of the Gospel ministry of the Congregational denomination in South Boston, and the other half to be appropriated to the purpose of establishing a public school in the same place. The attesting witnesses were all inhabitants of South Boston ; and it was held that they were competent witnesses. The grounds of the decision were, that the payment of taxes for the support of public worship was voluntary, and that,

while public schools were supported by a general tax on the inhabitants, the court did not know, nor could it be ascertained, that the gift in question would have the effect of reducing the school tax. "No expected participation of the benefits of a public benefaction not affecting property," said Mr. Justice Wilde, "has ever been held a valid objection against the competency of a witness. It is clear, therefore, that unless the witnesses are to be relieved from their taxes by this donation, they are competent. It is possible, though not probable, that they may be thus relieved, but neither possibilities nor even probabilities are sufficient to disqualify a witness. As to ministerial taxes, they are paid voluntarily, or rather the liability to pay them is voluntarily assumed, and may at will be terminated. And as to school taxes, it does not appear, nor is it probable, that they have been or ever will be diminished by this donation. By improving the means of education, the witnesses' children and their posterity may be benefited; but this confers no interest on the witnesses. If the whole estate had been given absolutely to their children, still the witnesses would be competent."

In *Northampton* v. *Smith*, 11 Met. 390, it was held that a bequest to trustees for the benefit of indigent persons in certain towns did not make a judge of probate, who was an inhabitant of one of the towns, interested in the probate of the will which contained the bequest, so as to authorize him to transfer the case to the probate court of another county. Chief Justice Shaw, in delivering the opinion of the court, said: "It is like the principle applying to the case of the competency of a witness; a direct pecuniary interest, however small, on being proved, renders him incompetent; but the strongest interest from sympathy, from interest in the question, and even an expected interest in the property in controversy, not yet vested, does not render him incompetent."

In *Loring* v. *Park*, 7 Gray, 42, property was given by will to the Trustees of Groton Ministerial Fund, a corporation, in trust for the First Parish in Groton. One of the attesting witnesses to the will was one of the trustees, and a member of the parish. It was held that he was a competent witness.

In the case at bar, the interest of the witness was so contin-

gent and remote that we are of opinion that he was a competent witness. While a town may raise money, under the Pub. Sts. c. 40, § 10, for the maintenance of a public library, it is not obliged by law to do so. It cannot therefore be said that the gift necessarily has the effect of diminishing the taxes of the witness. But even if the town were obliged to raise money for the maintenance of its library, it would be merely conjectural to say that the taxes would be any less on account of the gift contained in the instrument before us.

It is further contended that the use which the witness may have of the books purchased with the fund renders him incompetent. But a benefit of this kind, which is purely consequential, cannot be regarded as an interest affecting the competency of the witness. See *Hawes* v. *Humphrey*, 9 Pick. 350, 358, 359.

*Decree affirmed.*

*T. G. Kent,* (*W. H. Kelley* with him,) for the appellant.

*C. L. Long,* for the appellee.