## In re Will of Lyon.

*May 5 — May 21, 1897.*

96 339|
102 55|

*Wills: Witnesses: Wife of executor: Revocation: Marriage of testatrix.*

1. The wife of the executor of a will is a competent witness thereto, since the executor, as such, takes no beneficial interest under the will.
2. The marriage of a woman does not revoke a will previously made by her, the common-law rule in that regard having been changed by the statutory removal of her disabilities in respect to the disposition of her property.

APPEAL from a judgment of the circuit court for Sheboygan county: N. S. GILSON, Circuit Judge. *Affirmed.*

Gertrude S. Cole, a widow, of Sheboygan, Wisconsin, made her will, devising her estate to Alice A. Sully and Clara A. Sully. She appointed *George C. Cole* executor. His wife signed as one of the two attesting witnesses. She afterwards married *Charles E. P. Lyon,* and thereafter died without issue, leaving the aforesaid will as her only testamentary disposition of her property. Such proceedings were duly had between the proponent of the will on the one side, and *Charles E. P. Lyon* as contestant on the other, that a

judgment was entered, on findings covering the aforesaid facts, in the circuit court for Sheboygan county, establishing such will. From such judgment the contestant appealed.

*Paul T. Krez,* for the appellant.

For the respondent there was a brief by *Willard C. Cole,* attorney, and *Francis Williams,* of counsel, and oral argument by *Mr. Williams.*

MARSHALL, J. It is assigned as error for a reversal of the judgment that the trial court should have held the wife of the executor not a competent attesting witness and the will void on that account. The executor was not beneficially interested so as to affect the competency of the wife to testify either by common law or by statute. See Redf. Wills, 257, 259; *Millay v. Wiley,* 46 Me. 230; Cassoday, Wills, §§ 190, 192; *Bettison v. Bromley,* 12 East, 250. She was competent to testify to the facts at the time the will was executed, and that satisfies the universal test. Cassoday, Wills, § 177; Schouler, Wills, § 351; *In re Holt's Will,* 56 Minn. 33. The question is one that has been so long settled that no extensive discussion of the subject seems to be warranted.

It is further assigned as error that the court should have decided that the subsequent marriage of the testatrix revoked the will by operation of law. Sec. 2290, R. S., provides, in effect, that wills may be revoked, by implication of law, by subsequent changes in the condition or circumstances of the testator. That merely preserves the common-law rule on the subject, except as abrogated by implication in the manner hereafter stated. At common law the marriage of a woman revoked her will previously made, but such rule is generally (there are exceptions) held to have been changed by the statutory removal of her disabilities in respect to the disposition of her property. *Noyes v. Southworth,* 55 Mich. 173; *Roane v. Hollingshead,* 76 Md. 369; *In re Hunt, Emery, Appellant,* 81 Me. 275; *Morton v. Onion,* 45 Vt. 152,— cited

by respondent's counsel. Also, *In re Tuller's Will*, 79 Ill. 99;
*Fellows v. Allen*, 60 N. H. 439; *Hoitt v. Hoitt*, 63 N. H. 475.
Formerly, the marriage of a man after the making of a will,
and the birth of issue, by operation of law revoked the will.
The inequality between the sexes in this regard grew wholly
out of the change that marriage worked in the capacity of
the woman to dispose of her property. Upon that being
removed by statute in this and many other states, the in-
equality in the rule, as a necessary and natural result, ceased.

Though the authorities are not all one way, they greatly
preponderate in favor of the views above expressed. More-
over, the subject is not open to discussion here, the point
having been decided in *Ward's Will*, 70 Wis. 251, where it
is said, in effect, that, the statutes of this state having con-
ferred upon married women the absolute power of disposing
of their property by last will and testament without the con-
sent of their husbands (secs. 2277, 2281, R. S.), that removed
every reason upon which the common-law rule of revocation
by marriage subsequent to the making of a will was based;
hence such rule was, by implication, removed by the same
statute. To be sure, in the case of *Ward's Will*, the fact
was that the testatrix had children by a former husband, and
the court reserved the question of whether, in the absence
of children, the common-law rule would not prevail, inas-
much as the husband is, under our statutes, heir of his wife,
as well as the wife of the husband; but we do not think the
statute in relation to inheritance makes any difference. The
inequality formerly existing grew out, as stated, of the in-
equality in the capacity of the sexes to dispose of their prop-
erty after marriage. That has been removed by a change
in the capacity of the wife; hence the common-law rule as
to the husband remains, and that of the wife has been changed
by implication to conform to it.

In England and many of the states this whole subject is
now regulated expressly by statute to the effect that mar-
riage subsequent to the execution of a will revokes it, whether

made by a man or a woman. Judicial decisions in such jurisdictions furnish no authority here, where the common law still prevails, except as changed by implication in the manner heretofore indicated.

It follows from the foregoing that the wife of the executor was competent to witness the execution of the will, and that the subsequent marriage of the testatrix did not revoke it, and that the judgment of the trial court should be affirmed.

*By the Court.*— So ordered.