IN RE FAYETTE POTTER'S WILL.

May Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed October 18, 1915.

*Wills—Attestation—"Credible" Witnesses—Interest—Town a
    Beneficiary—Competency of Inhabitants as Witnesses.*

"Credible," within the meaning of P. S. 2734, 2737, requiring that a
    will be witnessed by three or more credible witnesses, means
    "competent" at the time of attestation.

A will may be properly attested by taxpayer of a town that is a
    beneficiary thereunder, for he has no fixed, certain and vested
    pecuniary interest in the benefaction.

APPEAL from a decree of the probate court establishing the
instrument proposed as the last will and testament of Fayette
Potter; Town of Pawlet, proponent; Florence E. Potter, con-
testant. Trial by court at the September Term, 1914, Rutland
County, *Slack,* J., presiding. Judgment establishing the instru-
ment as such will. The contestant excepted. The opinion
states the case.

*E. H. O'Brien* and *T. W. Moloney* for the contestant.

*Marvelle C. Webber* and *Joseph C. Jones* for the proponent.

HASELTON, J. This is a case in which the county court on
appeal from the probate court rendered judgment allowing and
establishing a certain written instrument as the last will and
testament of Fayette Potter.

The will makes various bequests and then provides that the
income from the residuary estate shall go to the town of Pawlet,
to be used for making and keeping in repair the highways and
bridges of the town, and that, if the income is more than suffici-
ent for these purposes, the surplus shall be used for the support
of the schools of the town. There is also a provision for sup-

plying the town with a fire proof vault, but the contestant makes no mention of that.

The three witnesses who attested the will were at the time of the attestation all inhabitants and residents of the town, one paid a poll-tax, and one, Charles E. Clark, paid taxes on property valued at about $5,000. A part of his property assessed for taxation was real estate.

The exceptions taken and relied on raise only the question of whether any one of the witnesses was incompetent to attest the will by reason of interest. Our statute requires the attestation of a will by "three, or more, credible witnesses," which means witnesses credible, that is, "competent" at the time of the attestation of the will. P. S. 2734; P. S. 2737.

It is contended that one cannot make, for the benefit of a town, such a bequest as is here made to the town of Pawlet, without giving something to every taxpayer in the town; and that so here Clark, at least, was incompetent on the ground of interest; and that, as is obvious, there is no way to apply P. S. 2738 so as to let the will stand as to the town but not as to the interest of, say, the witness Clark, if he had an interest.

But we think, that, both on reason and authority, neither Clark nor any of the other witnesses to the will is to be deemed to have been an interested witness. One is not incompetent to attest a will because it contains a benefaction which makes the village, town or city in which the witness resides and pays taxes a better place to live in. Such a benefaction as that here under consideration, may make taxes less, and then again it may awaken a public spirit that will demand improvements requiring for their realization an increase in the tax rate.

No one of the witnesses to this will had a fixed, certain, and vested pecuniary interest in the will, and so no one of them was incompetent because of interest.

Counsel for the proponent has collected some very pertinent cases. Among them are these: *Piper* v. *Moulton,* 72 Me. 155; *In re Marston,* 79 Me. 25, 8 Atl. 87; *Haven* v. *Hilliard,* 23 Pick. 10; *Hitchcock* v. *Shaw,* 160 Mass. 140, 35 N. E. 671; *Goodrich's Appeal,* 57 Conn. 275, 18 Atl. 50; *Cornwell* v. *Isham,* 1 Day 35, 2 Am. Dec. 50; *Hawes* v. *Humphrey,* 9 Pick. 350, 20 Am. Dec. 481.

Counsel for the contestant argues that all these cases are distinguishable from the case at bar. Of course every case

has its peculiar facts, but we think that these cases and the one before us are governed by the same principle, and that the principle is a sound one.

*Judgment affirmed.  Let the result be certified to the probate court.*