Grafton, }
Feb. 3, 1920. }

HORACE F. TILTON, *Ex'r, v.* WALTER H. DANIELS, *Ap't.*

A justice of the peace, who at a testator's request swears him to the verity of his signature to his will and certifies that fact as justice of the peace over his own signature thereupon, is an attesting and subscribing witness thereto within the meaning of P. S., c. 186, s. 2.

PROBATE APPEAL, from the allowance of the will of Thomas H. Daniels. The document was signed:

"Thomas H. Daniels.

Witnesses
  Wilmer C. Cox
  Amos Blake.   ·

Signed before me,
John R. Connor,
Just. of Peace."

Connor testified that he wrote the will, that after Daniels, Cox and Blake had signed, Daniels requested him to administer an oath to the correctness of the signatures, that thereafter they all acknowledged their signatures, that he swore them to the fact and appended the above certificate to the will, that he understood he was asked to sign simply as a justice of the peace, and that he was not asked to sign and did not undertake to sign as a witness.

The only ground claimed for a disallowance of the will was a lack of three witnesses.

Upon the appellant's stipulation that his appeal should be dismissed if the ruling was held to be erroneous, his motion for a directed verdict was granted, subject to exception.

Transferred from the September term, 1919, of the superior court by *Sawyer,* J.

*Kenson E. Dearborn, Alvin F. Wentworth* and *Walter M. Flint,* for the plaintiff.

*Thomas F. Clifford,* for the defendant.

PEASLEE, J. The contestant bases his claim to have the will disallowed upon the proposition that Connor did not sign as a witness. No other objection is suggested, and unless this is well

taken the exception to the ruling directing a verdict for him must be sustained.

In order that a will be duly authenticated two things are required. It must be both "attested and subscribed." P. S., c. 186, s. 2. Attestation "consists in the witnesses seeing that those things exist and are done which the statute requires." *Nunn* v. *Ehlert*, 218 Mass. 471, 475. "*Attestation* is the act of the senses, *subscription* is the act of the hand; the one is mental, the other mechanical." *Swift* v. *Wiley*, 1 B. Mon. (Ky.) 114, 117. To attest the signature means to take note mentally that the signature exists as a fact. If this is done, and the attestor also subscribes his name, the statute is complied with. The essential thing is that "By his signature he meant to affirm that the deceased executed the will in his presence." *Griffiths* v. *Griffiths*, L. R. 2 P. & D. 300, 304. In this case Connor was requested to and did take note of the signature. At the testator's request, he was sworn by Connor to the truth of the asserted verity of the signature, and Connor certified that fact upon the will.

"The only object the testator could have had in acknowledging his signature, declaring his will and asking a certificate, was to get Beam as a witness to those facts. They may have ascribed to the certificate of a justice an evidentiary force and dignity not accorded it by the law, but this mistake cannot impair the force which the law accords to attesting signatures, without regard to the station of the signer. The testator, in asking for Beam's certificate, sought to make him a witness to the facts he had acknowledged and declared, and perhaps believed that the official form of attestation would import such indisputable verity as would dispense with further testimony from the witness. While this effect cannot be accorded to it, we can see no reason in law or justice why the effect of an ordinary attestation should be denied to it. Whether testifying through his certificate or as a witness in a probate proceeding, Beam was asked to bear witness to the fact that the writing had been subscribed by, and was the will of, the testator. That is the ordinary office of a witness, and as such Beam signed the will." *Payne* v. *Payne*, 54 Ark. 415, 417.

The authorities are uniform. Such an execution makes the official a witness to the will. *Keely* v. *Moore*, 196 U. S. 38; *Adams* v. *Norris*, 23 How. 353; *Murray* v. *Murphy*, 39 Miss. 214; *In re Hull*, 117 Ia. 738; *Bolton* v. *Bolton*, 107 Miss. 84; 1 Sch. Wills, s. 344.

It is argued that since Connor testified that he was not asked to sign as a witness and that he did not undertake to sign as one there-

fore it cannot be found that he did so. The conclusion drawn is based upon an erroneous idea of the nature of the question involved. There is no dispute as to the language of the request, nor as to the mental attitude of the testator and of Connor. The question whether this request, the state of mind of the testator evidenced thereby and the resulting understanding and signing on the part of Connor constitute a request for and an execution of the act of an attesting witness, is one of law. It was Connor's opinion that they did not. Accordingly, he testified that he was not requested to sign as a witness and did not do so. But that is merely his conclusion touching the law. In his view it was necessary that the request to sign as a witness be made *eo nomine;* and as it was not so made he concluded that he was not requested so to act. And so of his act subscribing his name as a justice of the peace. His view of the law was that signing in that capacity did not include individual action. He thought that the certificate of attestation by John R. Connor, justice of the peace, was a thing entirely separable from his subscribing as an individual. His testimony that he did not sign as an individual, *i. e.*, as a "witness," is merely a denial of the law. It is not evidence which varies or contradicts the facts to which he also testifies.

The occurrences between the testator and Connor include every safeguard intended to be provided by the statute. Connor was fully informed and took note of the fact that the paper in question had been signed; and his signature affixed thereto identified the paper. If technical reasons could be assigned for holding that there was not a compliance with the statute, they would not be entitled to prevail against the practical reasons for the opposite result. The motion to direct a verdict for the appellant should have been denied.

In accordance with the stipulation made at the trial, the order is

*Appeal dismissed.*

All concurred.