## LAUDERDALE v. TOOKOLO.

No. 15842—Opinion Filed May 26, 1925.

Rehearing Denied March 30, 1926.

(Syllabus.)

1. **Wills—Indians — Wills by Full-Blood Indians — Due Execution Warranting Probate — Federal Statutory Requirements.**

The approval and acknowledgment of the will of a full-blood Indian required by Act of April 26, 1906 34 Stat. 137, section 23, as amended by the Act of Congress May 27, 1908, 35 Stat. 312, section 8, is not an element of the execution and attestation contemplated by the statute of Oklahoma, and is not within the purview of the jurisdiction of the county court in admitting a will to probate.

2. **Same—Disinheritance of Mother — Invalidity of Will for Lack of Approval—Right of Niece of Deceased to Sue for Interest in Allotment.**

Record examined in instant case; held,

that inasmuch as the will here in question attempted to disinherit the mother of the decedent and was not approved by a judge of the United States Court for the Indian Territory, or a United States Commissioner, or a judge of a county court of the state of Oklahoma as provided by section 23 of the Act of April 26 1906, same is void, and the plaintiff herein, being a niece of the deceased, is a proper party to maintain this action.

## 3. Same—Plaintiff not Estopped by Contest of Will in County Court.

A will which is void as a conveyance of restricted Indian lands because it fails to comply with the requirements of the acts of Congress providing the manner by which such will must be executed, cannot be given validity by the judgment of the county court admitting such will to probate, and the decree of the probate court admitting such will to probate is not available as an estoppel against a lawful heir of the decedent in an action for possession of the lands attempted to be devised, even though the heir appeared in the probate court and contested the probate of the will.

Error from District Court, Bryan County; Porter Newman, Judge.

Action by Ida Rena Tookolo against Dochie Lauderdale. Judgment for plaintiff and defendant brings error. Affirmed.

Chas. P. Abbott and D. S. MacDonald, for plaintiff in error.

Hatchett & Semple for defendant in error.

HUNT, J.   This action was commenced by the defendant in error, Ida Rena Tookolo, as plaintiff, against the plaintiff in error, Dochie Lauderdale as defendant, for the purpose of recovering a one-fourth undivided interest in certain real estate alleged to be the allotment of one Winnie Martin, deceased, and to quiet title to said interest. The case was submitted in the court below upon an agreed statement of facts, upon which judgment was rendered in favor of the plaintiff and against the defendant, and from which the defendant appealed to this court. The parties will be referred to as they appeared in the court below. The agreed statement of facts is short and the questions involved in this appeal are clearly set out therein, and for that reason same will be copied in full in this opinion:

"It is hereby stipulated, understood and agreed by and between Hatchett & Semple, attorneys for the plaintiffs, and D. S. MacDonald and Chas. P. Abbott attorneys for the defendant, that the above styled case may be submitted to the court without a jury upon the following agreed statement of facts, to wit:

"(1) That Winnie Martin was duly enrolled as a member of the Choctaw Tribe or Nation of Indians enrolled as a Mississippi Choctaw opposite Roll No. 771; that there was allotted to her by virtue of her membership in said tribe the following described lands and premises, constituting her surplus and homestead allotments,    to wit: The E. ½ of the W. ½ of the N. E.¼; and the W. ½ of the E. ½ of the N. E. ¼; and the N. E. ¼ of S. E. ¼ of N. E. ¼; and N. ½ of N. ½ of S. E. ¼; and S. E. ¼ of S. E. ¼ of N. E. ¼; and W. ½ of S. W. ¼ of the N. E. ¼; and the N. E. ¼ of the N. E. ¼ of the S. W. ¼: and the S. E. ¼ of the S. E. ¼ of the N. W. ¼ of section 33, township 7 south, range 12 east, in Bryan county, Okla.

"(2) It is agreed that Winnie Martin departed this life without issue surviving her on or about the 22nd day of December 1907, near the town of Bennington, in Bryan county, Oklahoma, leaving surviving her, had she died intestate, as her next of kin, the following persons, to wit: Sam Martin, her husband; Sallie Phillips, her mother; Tom Phillips, her brother; and the plaintiff, Ida Rena Tookolo, a niece, the child of Lillie Tookolo, a deceased sister of Winnie Martin.

"(3) It is agreed that the deceased allottee and all of the persons named therein as next of kin of the said Winnie Martin, had she died intestate, are Indians of the full-blood degree duly enrolled as Mississippi Choctaws upon the approved rolls of the Choctaw Nation or Tribe of Indians.

"(4) It is further agreed that at the time of her death, Winnie Martin had made and executed a will describing the real estate involved in this action, naming Sam B. Martin, her husband, as sole beneficiary; that said will as filed for probate with a proper petition in the county court of Bryan county, Okla., said court having proper jurisdiction of the settlement of the estate of the said Winnie Martin, and that on the 11th day of September, 1908, an order was duly made and entered by said court admitting said will to probate. A copy of the petition, a copy of the will, and a copy of the order admitting said will to probate are hereto attached, marked exhibits A, B, and C, and made a part hereof.

"(5) It is further agreed that Sam B. Martin the sole legatee under and by virtue of the terms of said will, thereafter made, executed, and delivered to J. D. Abbott a warranty deed conveying said premises, and that said deed so made by the said Sam B. Martin was duly approved by the county court of Bryan county, Okla., on September 21, 1908, and that said court had jurisdiction of the settlement of the estate of Winnie Martin, deceased.

"(6) It is further understood and agreed that Tom Phillips, on the 6th day of Novem-

ber 1911. made. executed. and delivered to J. D. Abbott his warranty deed covering all his right, title, interest, and estate in and to the lands involved herein, which said deed so made by the said Tom Phillips was duly approved by the county court of Bryan county, Okla.. the court having jurisdiction of the settlement of the estate of Winnie Martin, deceased.

"(7) It is further understood and agreed that on the 6th day of November, 1911, Sallie Phillips made, executed, and delivered to J. D. Abbott her warranty deed conveying all her right, title, interest, and estate in and to the lands herein involved, and which said deed was duly approved by the county court of Bryan county, Okla., on the 7th day of November, 1911, that being the court having jurisdiction of the settlement of the estate of Winnie Martin, deceased.

"(8) It is further understood and agreed that the will executed by Winnie Martin, heretofore referred to. was prior to the death of Winnie Martin never approved by a judge of the United States Court for the Indian Territory, a United States Commissioner, or a judge of the county court of Bryan county, Okla.

"(9) It is agreed that the plaintiff, Ida Rena Tookolo, has never executed any conveyance to any part of the land herein involved, and that no conveyance has been executed by any person as guardian of the plaintiff, Ida Rena Tookolo.

"(10) It is further understood and agreed that the defendant, Dochie Lauderdale, and her grantors have been in possession of said premises since the 22nd day of January, 1908, claiming title thereto, and said possession has been open and notorious, and that the said defendant and her grantors have placed lasting and valuable improvements on said premises, and that said improvements exceed in value $4,000.

"(11) It is further understood and agreed that at no time since the death of the said Winnie Martin has the plaintiff, Ida Rena Tookolo, been in possession of said lands, or any part thereof, and hereby expressly disclaims any interest in any rents or revenues derived from said lands.

"(12) It is further understood and agreed that the plaintiff having disclaimed as to any rents, that the defendant also disc'aims for the purposes of this suit, any right to offset improvements hereinbefore set out.

"(13) It is further understood and agreed that the records of the probate. court of Bryan county, Okla., show that the plaintiff in this action and Sallie Phillips, in person appeared in court by their proper representatives and contested the probating of the will of Winnie Martin, alleging as grounds of protest the fact that the will had not been approved by any officer required by statute and the court denied their protest and duly and legally admitted said will to probate, and that no appeal was taken from the order of the county court of Bryan county, Okla., admitting the will of Winnie Martin to probate.

"Hatchett & Semple, Attorneys for Plaintiff.

'Chas. P. Abbott,

"D. S. MacDonald, Attorneys for Defendant."

It will thus be seen that the only question involved here is whether or not the plaintiff, as a collateral heir of Winnie Martin, deceased, can maintain this action for an interest in the allotment of said Winnie Martin deceased, which the decedent attempted to convey by will to her husband, Sam Martin.

It appears from the agreed statement of facts that at the time of her death Winnie Martin left surviving her, her husband, Sam Martin, and Sallie Phillips, her mother, and left a will bequeathing all of her real estate to her husband. It is clear, therefore, that by this will she attempted to disinherit her mother, Sallie Phillips and said will not being approved by a judge of the United States Court for the Indian Territory, or a United States Commissioner, or a judge of a county court of the state of Oklahoma, as provided for in section 23 of the Act of Congress of April 26, 1906, it is invalid. The question then arises, since the act above referred to applies only to parent, wife, spouse, or children of said full-blood Indian. Can the plaintiff herein, being a niece of the deceased allottee, maintain this action, and, if a proper party to maintain this suit, is she estopped herein by. reason of her appearance and protest to the probate of the will in the county court of Bryan county at the time same was admitted to probate? Counsel for defendant seem to rely largely upon Homer et al. v. McCurtain, 40 Okla. 406, 138 Pac. 807. and In re Impunmubbee's Estate, 49 Okla. 161, 152 Pac. 346, which cases were specifically overruled by this court in the case of Armstrong v. Letty, 85 Okla. 205, 209 Pac. 168. The facts involved in this case are almost identical with those in the case of Battiest v. Wolfe, 97 Okla. 212, 223 Pac. 661; the only difference between that case and the case at bar being that in this case it is admitted that the mother was disinherited by the will, whereas in the case of Battiest v. Wolfe it was a disputed question of fact. and this court, after announcing the rule that if the wife or any of the restricted class mentioned were disinherited by the will under the

Act of April 26, 1906, same could be attacked by collateral heirs, remanded the case to the lower court, with directions to hear testimony for the purpose of determining whether or not as a matter of fact the wife had been disinherited.

The agreed statement of facts above set out, in our opinion, brings this action clearly within the rule announced by this court in the case of Armstrong et al. v. Letty and Battiest v. Wolfe, supra.

The judgment of the trial court is therefore affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, PHELPS, LESTER, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 31 C. J. p. 520. (2) 31 C. J. p. 520. (3) 31 C. J. p. 520 (1926 Anno).