## ANGLIN et al. v. PATTERSON.

No. 15671—Opinion Filed April 20, 1926.

Withdrawn, Corrected, Refiled and Rehearing Denied July 6, 1926.

(Syllabus.)

**Wills—Will of Full-Blood Indian Allottee Disinheriting Father — Statutory Acknowledgment and Approval.**

Where a full-blood Indian allottee, by will, disinherits the father, under the provisions of section 23 of the Act of Congress, April 26, 1906, then such will, in order to render the same valid against the one so disinherited, must be both acknowledged and approved by such officer designated in said act.

Error from District Court, Okfuskee County, John L. Norman, Judge.

Action by M. O. Patterson against W. T. Anglin and others. Judgment for plaintiff, and defendants bring error. Reversed.

Anglin & Stevenson and Dawes & Kyle, for plaintiffs in error.

C. T. Huddleston and Logan Stephenson (Rittenhouse & Rittenhouse, of counsel), for defendant in error.

LESTER, J. The parties will be referred to as they appeared in the trial court.

The plaintiff, M. O. Patterson, brought this action against numerous defendants to quiet title to certain lands in which the plaintiff claimed title. The defendants filed an answer and cross-petition in which they denied that the plaintiff was the owner of said property, and they asked that they be decreed the owners thereof. Other persons were made parties to the action by proper pleadings. Trial was had on the issues, and the plaintiff prevailed in the court below, and the defendants appeal.

It appears that the land was allotted to Martha Kernells, a full-blood member of the Creek Nation, and that she thereafter married Joseph J. Daniels, a white man and a noncitizen of the Creek Nation. It further appears that the said allottee had no children, and at the time of her death her nearest blood relation was Tamyie Kernells, her father.

The plaintiff's title rests upon a certain will executed by Martha Daniels, nee Kernells, which will was duly admitted to probate by the county court of Okfuskee county, Okla., on the 22nd day of August, 1908. The sole question in this case is whether the said will of the allottee was valid under the provisions of section 23 of the Act of Congress of April 26, 1906, which is as follows:

"Every person of lawful age and sound mind may by last will and testament devise and bequeath all of his estate, real and personal, and all interest therein: Provided, that no will of a full-blood Indian devising real estate shall be valid, if such last will and testament disinherits the parent, wife, spouse, or children of such full-blood Indian, unless acknowledged before and approved by a judge of the United States Court for the Indian Territory, or a United States commissioner."

This act was amended by the Act of Congress of May 27, 1908, which added to the officers, theretofore authorized to approve and acknowledge such wills, the judge of a county court of the state of Oklahoma.

As has heretofore been observed, the said Martha Daniels, nee Kernells, was a full-blood allottee of the Creek Nation; her father, Tamyie Kernells, was a full-blood. In the will executed by the said Martha Daniels she bequeathed to her father the sum of $5, and to a number of her collateral kinsmen she bequeathed $1 each. That will was duly witnessed by two witnesses. The will was acknowledged before Orlando Swain, who was then United States commissioner; said acknowledgment being as follows:

"United States of America, Indian Territory, Western District—ss.

"Be it remembered that on this 30—March, 1907, before me, Orlando Swain, a United States Commissioner for the Western District of the Indian Territory, personally appeared before me, Martha Daniels, the testator in the above will and declared that she had executed the same as her free act and deed, and for the purposes and considerations named therein, and without any influence of her husband and in his absence she so declared.

"Witness my hand and seal this 30th day of March, 1907.

"(Seal)　　　　　Orlando, Swain,
　　　　　　　　　　"U. S. Commissioner."

As will be observed from the Act of Congress relating to a will of a full-blood Indian devising real estate, it provides that no will of such full-blood Indian shall be valid if such last will and testament disinherits the parent, wife, spouse, or children of such full-blood Indian, "unless acknowledged before and approved by a judge of the United States Court for the Indian Territory, or a United States commissioner." Thus it appears that before such will is valid there must be two distinct acts upon the part of the officer designated by Congress, before whom such person appears to execute such a will. The first act required is that the will be acknowledged before such

officer. It then requires that the will be approved by such officer. It was clearly the intention of Congress that only certain classes of officers be given the authority before whom such a will might be acknowledged and approved. And from this act we further conclude that it was the intention of Congress that such officers should so be informed of the acts and circumstances surrounding the execution of said will that the execution might then be submitted to them for their approval, or if the facts justified it, to refuse an approval.

In the instant case the United States commissioner took the acknowledgment of the testator to the will, and made no formal approval of the same.

In the case of Battiest et al. v. Wolf, 97 Okla. 212, 223, Pac. 661, the court in its syllabus, No. 4 thereof defines "disinheritance" as follows:

"In said act, the term 'disinherits' means an act by which a person deprives his heirs who, without such act, would inherit; and the will of such full-blood Indian disinherits, within the contemplation of said act, if without the approval required by said act, it deprives or seeks to deprive parent, wife, spouse, or children of any part of the estate in lands which they would otherwise inherit by the law of descent and succession in force upon the death of the testator. In re Byford's Will, 65 Okla. 159, 165 Pac. 194."

It therefore follows that when we apply this definition of "disinheritance" to the facts in this case, it is evident that Martha Kernells disinherited her father, and having disinherited him, the will must then be executed in such manner as would render the same valid as against him, under the provisions of section 23 of the Act of Congress of April 26, 1906, supra.

In the case of Lauderdale v. Tookolo, 141 Okla. 187, 245 Pac. 587, an opinion was rendered therein by this court on the 26th day of May, 1925, and the court in that case, in syllabus No. 2, said:

"Record examined in instant case; held, that inasmuch as the will here in question attempted to disinherit the mother of the decedent and was not approved by a judge of the United States Court for the Indian Territory, or a United States commissioner, or a judge of a county court of the state of Oklahoma, as provided by section 23 of the Act of April 26, 1906, same is void, and the plaintiff herein, being a niece of the deceased, is a proper party to maintain this action."

In the instant case it is contended by the defendants that although the execution of the will was acknowledged by Orlando Swain, a United States commissioner, still the will was invalid for the reason that it was not approved by such United States commissioner. On the other hand, it is contended by the plaintiff that when the United States commissioner acknowledged the execution of the said will, such acknowledgment also embraced his approval, and therefore it was not necessary that such approval be shown in any other manner.

The case of In re Baptiste's Will, Holland v. Baptiste, 110 Okla. 267, 237 Pac. 854, involves the validity of a will executed in a very similar manner to the one under contest in the instant case. The court in that case, after setting out section 23, 34 Stat. 137, of the Act of Congress, April 26, 1906, said:

"It will be observed that the above quoted act makes it obligatory that the officer, named in the statute, must not only require the testator to 'acknowledge' the will before him, but he must also 'approve' the will, as the language used is that, 'The will must be acknowledged before and approved by such officer.

"In the case of Williford et al. v. Davis et al., 106 Okla. 208, 232 Pac. 828, this court held, where the acknowledgment was absent, the will was not effective for any purpose to deprive a full-blood wife and her children by a full-blood Indian testator of their right to inherit the land of their deceased husband and father, and that the same was not in compliance with the Acts of Congress, heretofore referred to, and the omission could not be supplied by oral testimony of the commissioner. In both of the last-mentioned cases it was held by this court that both the 'acknowledgment and approval' are prime requisites to the validity of a devise of restricted land, and where it appears, as in this case, that there is no approval upon the will by one of the officers authorized to approve the same, the validity of the will, in our opinion, must be denied. Both the acknowledgment and approval must appear on the will, and the failure of either to appear thereon cannot be supplied by parol proof. The United States commissioner, Wm. Hutchinson, was not acting officially in this case, except to take the acknowledgment, but was acting as the paid scrivener or attorney for the proponent and received his fee of $2.50 from him for the drawing of the will and the same as any other paid counsellor, and when asked why he did not put his approval on the will and attach it thereto, he answered, 'I don't know.' We are clearly of the opinion, under such circumstances, that the court was right in its judgment that the will was not effective where the full-blood Indian testator attempted to disinherit his full-blood Indian mother, who, herself, was a full-blood Mississippi Choctaw Indian.

"This court in the case of Armstrong et al. v. Letty et al., 85 Okla. 205, 209 Pac. 168, says:

" 'The approval and acknowledgment of the will of a full-blood Indian required by the act of Congress is a requisite to the validity of the devise of restricted lands, and is not an element of due execution and attestation of the will of such Indian.' "

In our judgment, the will not having been approved in the manner prescribed by section 23 of the Act of Congress, April 26, 1906, the same was therefore invalid.

The judgment of the district court is reversed, with directions to proceed in said cause, not inconsistent with the views herein expressed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, PHELPS, HUNT, RILEY, and CLARK, JJ., concur.