## CAESAR v. BURGESS et al.
### No. 1767.

Circuit Court of Appeals, Tenth Circuit.
April 11, 1939.

William W. Pryor and Glenn O. Wallace, both of Wewoka, Okl., for appellant.

William H. Churchwell, Atty., Department of Justice, of Washington, D. C., and Charles N. Champion, Asst. U. S. Atty., of Muskogee, Okl. (Cleon A. Summers, U. S. Atty., of Muskogee, Okl., on the brief), for appellee United States.

Louis A. Ledbetter, of Wewoka, Okl. (John T. Cooper and Bat Shunatona, both of Wewoka, Okl., Luther Bohanon, of Oklahoma City, Okl., and Arthur S. Wells, of Wewoka, Okl., and Tom Huser, of Oklahoma City, Okl., on the brief), for other appellees.

Before PHILLIPS and BRATTON, Circuit Judges, and VAUGHT, District Judge.

BRATTON, Circuit Judge.

This is a proceeding for the probate of a will of an Indian. The facts are not in dispute. Jeanetta Burgess, nee Tiger, an enrolled full blood restricted Creek Indian, executed her last will and testament in which she bequeathed to her eight living children and a stepson, each, the sum of $25, and to her husband, John Caesar or John Burgess, the rest, residue, and remainder of her estate. No provision was made for two grandchildren, the issue of a deceased son of the testatrix. The instrument was silent in respect to them. The husband was named as executor. Alex Sulphur, Isaac Jones, and Anna Burgess subscribed the instrument as attesting witnesses. Isaac Jones was the husband of a daughter of the testatrix, a legatee; and Anna Burgess was the wife of the stepson of the testatrix, also a legatee. The testatrix acknowledged the instrument before J. Henry Weston, county judge of Seminole County, and he approved it in writing. The husband was an enrolled Seminole Indian; the children were unenrolled Indians; the stepson was an enrolled Seminole; and the entire estate consisted of restricted lands in Oklahoma, and restricted moneys in the custody of the Secretary of the Interior.

The testatrix died about four years after the execution of the will. John Caesar tendered the instrument to the county court and prayed that it be admitted to probate. All of the children except one, and the two grandchildren, lodged contests on the ground that at the time of its execution the testatrix was incompetent and incapacitated to execute it, and that it was not executed and attested as required by law. Notice of the pendency of the proceeding was served upon the superintendent of the Five Civilized Tribes. The United States seasonably thereafter filed a petition for the removal of the proceeding to the United States court, and the judge of the county court entered an order of removal. The United States subsequently intervened alleging that the testatrix was mentally capacitated to execute the will; that she did not act under duress, menace, fraud, undue influence, or misrepresentation; and that the will was valid. It later filed an amendment to its plea in intervention alleging that from the information then in its possession it was uncertain whether the testatrix had testamentary capacity, and was uncertain whether the instrument was executed, under duress, or undue influence, and that it was not executed, acknowledged, and approved as required by law. The prayer was that the instrument be not probated. One surviving child died while the proceeding was pending in the United States court, and the administrator of his estate was substituted as a party.

The depositions of Sulphur and Anna Burgess, as attesting witnesses, were on file; and they testified in person at the hearing. Weston, John Caesar, and Harper Burgess also testified. The court concluded as matters of law that the respective spouses of the two legatees were not competent to act as attesting witnesses; and that the instrument was invalid as a will for want of two competent attesting witnesses. A decree was entered rejecting it for probate. John Caesar appealed.

The jurisdiction of the court below is challenged. The contention is that the proceeding was not subject to removal from the county court. The question was not presented in any form to the court be-

low. It is raised here for the first time, but since it relates to jurisdiction of the subject-matter it may be raised at any time. It is well settled that a proceeding purely for the establishment and probate of a. will, and matters of strict probate relating to the administration of estates of decedents are not within the general equity jurisdiction of the courts of the United States. Gaines v. Fuentes, 92 U.S. 10, 23 L.Ed. 524; Ellis v. Davis, 109 U.S. 485, 3 S.Ct. 327, 27 L.Ed. 1006; Waterman v. Canal-Louisiana Bank and Trust Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80; Sutton v. English, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664. It is likewise clear that the general removal statute—section 28 of the Judicial Code, 28 U.S.C.A. § 71—has no application to a proceeding of that kind and that such a proceeding is not removable under its provisions. Wahl v. Franz, 8 Cir., 100 F. 680, 49 L.R.A. 62; In re Cilley, C.C., 58 F. 977; Reed v. Reed, C.C., 31 F. 49.

■ But this proceeding was not removed under that statute. It was removed under section 3 of the Act of April 12, 1926, 44 Stat. 239, 240, which provides that a party to a suit in the United States Court in Oklahoma or in the state court of that state to which a restricted member of the Five Civilized Tribes, or the restricted heirs of grantees of such an Indian are parties, as plaintiff, defendant, or intervenor, and claiming or entitled to claim title to or an interest in lands allotted to a citizen of the Five Civilized Tribes, or the proceeds or profits therefrom, may serve written notice of the pendency of such suit upon the superintendent of the Five Civilized Tribes; that the United States may appear in such cause within twenty days thereafter or within such further time as the court may allow; that after such appearance or the expiration of the time allowed therefor the proceedings and judgment shall bind the United States and the parties thereto to the same extent as though no Indian land or question were involved; that within twenty days after service of notice on the superintendent or within such further time as the court may in its discretion permit, the United States shall have the right to remove any such suit pending in the state court to the United States District Court by filing a petition for such removal in the suit in the state court; that it shall be the duty of the state court to accept such petition when filed

and proceed no further in the action; and that after removal in that manner the cause shall proceed as if it had been originally commenced in the United States court. Prior to the enactment of such statute, the United States was not bound by the judgment or decree of a state court in an action, to which it was not a party, quieting title to restricted lands or determining other questions of property affecting restricted members of the Five Civilized Tribes. Instead, it was free to proceed in the United States court to have such a judgment or decree set aside. Sunderland v. United States, 266 U.S. 226, 45 S.Ct. 64, 69 L.Ed. 259. The plain purpose of the statute was to provide for the giving of notice to the superintendent of the Five Civilized Tribes; for the United States becoming a party at its election; and for the judgment or decree having binding and conclusive effect on the United States. The United States thus yielded to that extent its exclusive jurisdiction of its restricted Indian wards. But in doing so it expressly reserved in clear language the right to remove any such suit to the United States court. The statute is complete within itself and authorizes the removal of a cause coming within the ambit of its provisions even though other independent grounds of federal jurisdiction are not present. United States v. Mid-Continent Petroleum Corporation, 10 Cir., 67 F.2d 37, certiorari denied, Hosey v. Mid-Continent Petroleum Corp., 290 U.S. 702, 54 S.Ct. 346, 78 L.Ed. 603. Is this proceeding within its purview?

■ Section 1067, Oklahoma Statutes 1931, 58 Okl.St.Ann. § 1, provides that the county court shall have probate jurisdiction. Section 1080, 58 Okl.St.Ann. § 709, provides that all issues of fact must be tried by the court; that after hearing the court shall give in writing the findings of fact and conclusions of law, and shall enter judgment; and that the judgment shall be enforced by execution or otherwise as in civil actions. Section 1082, 58 Okl.St. Ann. § 2, provides that the proceedings of the court shall be construed in the same manner and with like intendments as the proceedings of courts of general jurisdiction, and that its judgments and decrees shall be accorded like force and effect as the judgments and decrees of. district courts. Section 1090, 58 Okl.St.Ann. § 21, provides that the custodian of a will shall deliver the same to the county court hav-

ing jurisdiction of the estate, or to the executor named therein. Section 1091, 58 Okl.St.Ann. § 22, provides that an executor, devisee or legatee, or other person interested in the estate may petition the court to have the will proved. Section 1101, 58 Okl.St.Ann. § 41, authorizes the contest of a will and provides that on the trial the contestant shall be plaintiff and the petitioner defendant. Section 1102, 58 Okl.St.Ann. § 42, provides that the court shall make findings of fact and conclusions of law upon the issues submitted, and render judgment either admitting the will to probate or rejecting it. The supreme court of the state has held repeatedly that a contested proceeding for the probate of a will is a special proceeding in the nature of an equitable action, In re Smith's Estate, 105 Okl. 218, 232 P. 399, In re Wah-kon-tah-he-um-pah's Estate, 109 Okl. 126, 234 P. 210, Youngblood v. Rector, 126 Okl. 210, 259 P. 579, In re Chubbee's Will, 133 Okl. 156, 271 P. 681, In re Creger's Estate, 135 Okl. 77, 274 P. 30, 62 A.L.R. 690; Richards v. Huff, 146 Okl. 108, 293 P. 1028; and that the judgment of a county court entered in the exercise of its probate jurisdiction has binding effect and is entitled to like presumptions as are accorded judgments of the district court. Moffer v. Jones, 67 Okl. 171, 169 P. 652; Seal v. Banes, 168 Okl. 550, 35 P.2d 704.

■ The effect of a valid will devising restricted property of an Indian is not open to doubt. Where authorized by law and executed in the prescribed manner, it operates as an alienation within the meaning of the acts of Congress. Taylor v. Parker, 235 U.S. 42, 35 S.Ct. 22, 59 L.Ed. 121; Blundell v. Wallace, 267 U.S. 373, 45 S.Ct. 247, 69 L.Ed. 664; Hayes v. Barringer, 8 Cir., 168 F. 221; Semple v. Baken, 39 Okl. 563, 135 P. 1141; Letts v. Letts, 73 Okl. 313, 176 P. 234.

■ It would not serve any useful purpose to undertake to delimit the scope of the act in respect to removal, or to enumerate the several kinds of suits and proceedings to which it has application. It suffices to say that in our opinion it is broad enough to authorize the removal of a contested proceeding for the probate of a will executed by a full blood restricted Creek Indian whose estate consists exclusively of restricted lands, and restricted moneys in the custody of the Secretary of the Interior, devising the whole of such estate to Indian legatees.

■ The next question relates to the competency of the spouse of a legatee in a will to act as an attesting witness to its execution. Section 1546, Oklahoma Statutes 1931, 84 Okl.St.Ann. § 55, provides that a will shall be subscribed by the testator in the presence of two attesting witnesses each of whom must sign his name as a witness at the end of the will at the request and in the presence of the testator. And that provision applies to the will of a full blood Indian in that state. Blundell v. Wallace, supra; In re Tiger's Will, 94 Okl. 103, 221 P. 441. Section 2 of the statutes, 12 Okl.St.Ann. § 2, provides that the common law, as modified by the constitution, statutes, judicial decisions, and the condition and wants of the people, shall remain in force in aid of the general statutes of the state. Section 268, 12 Okl.St. Ann. § 381, provides that no person shall be disqualified as a witness in any civil action or proceeding by reason of his interest as a party or otherwise; and section 269, 12 Okl.St.Ann. § 382, provides that nothing contained in the preceding section shall in any manner affect the laws then existing relating to the attestation of the execution of last wills and testaments. It is thus clear that the rule at common law governs in Oklahoma in respect of the competency of a person to act as an attesting witness to the execution of a will. And at common law the spouse of a legatee is not competent to act as such witness. Sullivan v. Sullivan, 106 Mass. 474, 8 Am.Rep. 356; Hodgman v. Kittredge, 67 N.H. 254, 32 A. 158, 68 Am.St.Rep. 661; Fisher v. Spence, 150 Ill. 253, 37 N.E. 314, 41 Am.St.Rep. 360; Hayden v. Hayden, 107 Neb. 806, 186 N.W. 972, 25 A.L.R. 305.

■ Appellant seems to concede this disabling rule at the common law, but seeks to circumvent it. Sulphur was admittedly a competent witness. No question is raised concerning his competency. Harper Burgess, the husband of Anna Burgess, renounced and relinquished all of his right, title, and interest in and to the legacy of $25 granted to him. It is contended that Anna Burgess was thereupon and thereafter competent to testify at the hearing as an attesting witness. The argument is that after such renunciation and relinquishment there were two competent attesting witnesses, Sulphur and Anna Burgess. But the contention is met with the insurmountable difficulty that the competency of an attesting witness is to be tested by

the facts existing at the date of the execution of the will, not at the time it is presented for probate. Vrooman v. Powers, 47 Ohio St. 191, 24 N.E. 267, 8 L.R.A. 39; Fearn v. Postlethwaite, 240 Ill. 626, 88 N. E. 1057; Gillis v. Gillis, 96 Ga. 1, 23 S.E. 107, 30 L.R.A. 143, 51 Am.St.Rep. 121; Bruce v. Shuler, 108 Va. 670, 62 S.E. 973, 35 L.R.A.,N.S., 686, 15 Ann.Cas. 887; In re Lyon's Will, 96 Wis. 339, 71 N.W. 362, 65 Am.St.Rep. 52; Rockland Trust Co. v. Bixby, 247 Mass. 449, 142 N.E. 107; In re Potter's Will, 89 Vt. 361, 95 A. 646; In re Crozer's Estate, 296 Pa. 48, 145 A. 697; In re Klein's Estate, 35 Mont. 185, 88 P. 798; State ex rel. Schirmer v. Superior Court, 143 Wash. 578, 255 P. 960. And the subsequent renunciation and relinquishment by the legatee does not affect the incompetent status of the spouse. It does not extinguish incompetency and substitute competency. It does not shift the spouse from an incompetent to a competent witness. Fisher v. Spence, supra.

 Appellant places reliance upon section 1575 of the statutes of the state, 84 Okl.St.Ann. § 143. It provides that all beneficial devises, legacies, or gifts made or given in a will to a subscribing witness thereto shall be null and void unless there are two other competent subscribing witnesses; but that a mere charge on the estate for the payment of debts does not prevent a creditor from being a competent witness to the will. A similar statute in Colorado was considered in White v. Bower, 56 Colo. 575, 136 P. 1053, Ann.Cas.1917 A, 835. It was there said that a legatee is not incompetent to act as a subscribing witness; that in the event he acts the entire will is not void; that only the legacy to him is affected; and that, assuming the identity of interest between the legatee and his wife on account of their oneness, her acting as an attesting witness would produce like effect. But a contrary conclusion was reached in Massachusetts and Illinois. Each of those states had a statute not substantially unlike that in Oklahoma. And it was held that the statute was limited to cases where a legatee acted as a subscribing witness; that it had no application where the spouse of a legatee was a witness; and that it did not render the spouse of a legatee competent to act as an attesting witness. Sullivan v. Sullivan, supra; Fearn v. Postlethwaite, supra; Fisher v. Spence, supra. Our attention has not been called to any case in which the supreme court of Oklahoma construed the statute in question. However, that court has held that where the proponent of a contested will is a beneficiary under its provisions, he is incompetent to testify as a witness to material facts relating to the execution of the instrument. In re Stires' Will, 92 Okl. 276, 219 P. 695; In re Creger's Estate, supra. These cases are not directly in point, but they have persuasive analogy concerning the general policy of the state in respect to the competency of attesting witnesses. In order to hold that section 1575 applies and makes Anna Burgess competent as an attesting witness, it would be necessary to read into the statute language which the legislature failed to place there. And there is nothing about the statute from which it can be fairly inferred that the legislature intended for it to govern where the spouse of a legatee acts as an attesting witness.

 The remaining contention is that the certificate of acknowledgement of the county judge and the seal attached thereto may be disregarded as surplusage and the signature of the county judge appearing at the conclusion of such certificate treated as that of an attesting witness. It is provided by section 23 of the Act of April 26, 1906, 34 Stat. 137, 145, relating to the Five Civilized Tribes, that every person of lawful age and sound mind may by last will and testament devise and bequeath all of his estate; but that no will of a full blood Indian devising real estate shall be valid if it disinherits the parent, wife, spouse, or children of the testator, unless it be acknowledged before and approved by a judge of the United States court for the Indian Territory or a United States Commissioner. The statute was amended by section 8 of the Act of May 27, 1908, 35 Stat. 312, 315, by adding to the officers previously authorized to acknowledge and approve such wills, a judge of a county court of the State of Oklahoma. The Act of April 12, 1926, 44 Stat. 239, indicated a purpose to repeal section 8 of the Act of May 27, 1908, but section 2 of the Act of May 10, 1928, 45 Stat. 495, reinstated section 23 of the Act of April 26, 1906, as amended by section 8 of the Act of May 27, 1908, and continued it in force and effect to April 26, 1956. Thus every will of a full blood Creek Indian which disinherits the parent, spouse, or child of the testator must be acknowledged before and approved by a judge of a United States court, a

United States Commissioner, or a judge of a county court in the State of Oklahoma. Both acknowledgment and approval are essential to validity. Both must be in writing on the instrument. The omission of either is fatal. Davis v. Williford, 271 U. S. 484, 46 S.Ct. 547, 70 L.Ed. 1048; In re Baptiste's Will, 110 Okl. 267, 237 P. 854; Lauderdale v. Tookolo, 114 Okl. 187, 245 P. 587; Anglin v. Patterson, 121 Okl. 106, 248 P. 632. While acknowledgment and approval thus required are acts of execution, they are not part of the execution and attestation as required by the statutes of the state. They are separate, apart, and in addition to the manner of execution and attestation commanded by the state statutes. Armstrong v. Letty, 85 Okl. 205, 209 P. 168; Coats v. Riley, 154 Okl. 291, 7 P. 2d 644.

It has been held that where a county clerk, a justice of the peace, a notary public, or one with some other official status, is requested to attest the execution of a will or to attach thereto his official certificate of acknowledgment, and it is attached in the mistaken belief that it carries evidentiary force or some other effect not accorded it by law, the certificate may be disregarded as surplusage and the signature of the officer treated as that of an attesting witness. Adams v. Norris, 23 How. 353, 16 L.Ed. 539; Murray v. Murphy, 39 Miss. 214; Franks v. Chapman, 64 Tex. 159; Payne v. Payne, 54 Ark. 415, 16 S.W. 1; In re Hull's Will, 117 Iowa 738, 89 N. W. 979; In re Bybee's Estate, 179 Iowa 1089, 160 N.W. 900; Tilton v. Daniels, 79 N.H. 368, 109 A. 145, 8 A.L.R. 1073; Merrill v. Boal, 47 R.I. 274, 132 A. 721, 45 A. L.R. 830. But in those cases acknowledgment was not required and the certificate did not serve any useful purpose. Here the certificate was not attached through any misconcept of its purpose, effect, or necessity. It was required by law. It was essential to validity. It was made a part of the will for the purpose of complying with the plain exaction of an act of Congress. The county judge was called upon to place it there for that purpose, and he did so. He was not requested to act as an attesting witness; neither he nor the testatrix understood or meant that he should act in that capacity; and he did not essay to do so. True, he was present at the execution of the will; but his certificate of acknowledgment, required by act of Congress and essential to the validity of a will of that kind, cannot be cast into the discard as mere surplusage and the signature at the conclusion of the certificate treated as that of an attesting witness, within the meaning of the statutes of the state.

The decree is affirmed.