## CIRCUIT COURT OF STAFFORD COUNTY

Commonwealth of Virginia

v.

Jesse Edward Bishop

November 9, 1993

Case No. CR 93000290

BY JUDGE JAMES W. HALEY, JR.

Defendant moves to suppress a March 1993 blood analysis certificate prepared pursuant to the provisions of former Code § 18.2–268 on the grounds that Code § 19.2–187 requires the "certificate of analysis of a person performing an analysis" is admissible only "when such certificate is duly attested by such person." In the instant case, the examiner signed the certificate on a form which did not contain language such as "seal, attestation, or teste" applicable to examiner's signature.

Code § 19.2–187 is applicable to former Code § 18.2–268 and is to be strictly construed. *Basfield v. Commonwealth*, 11 Va. App. 122, 398 S.E.2d 80 (1990).

In addition to the language quoted above, Code § 19.2–187 concludes:

> Any such certificate of analysis purporting to be signed by any such person shall be admissible as evidence in such hearing or trial without any proof of the seal or signature or of the official character of the person whose name is signed to it.

In response to an inquiry whether the "duly attested" provision of Code § 19.2–187 quoted above required notarization, the Attorney General opined:

> Except for filing requirements not relevant to the question you raise, the only prerequisite for admission of a certificate

of analysis into evidence under § 19.2-187 is that it be "attested" by the person performing the analysis or examination.

"Attest" is defined as "to bear witness to a fact; to affirm to be genuine or true;" "to certify; [or] to make solemn declaration in words or writing to support a fact . . ." Black's *Law Dictionary* 127 (6th ed. 1990). "Attesting" means that the person who signs his name to a document does so in order to prove and identify it, or "with the intention of being considered a witness to an act in question" in the document. *Ferguson v. Ferguson*, 187 Va. 581, 591, 47 S.E.2d 346, 351 (1948). The signature alone (of the person performing the analysis) thus certifies the genuineness of the certificate of analysis. *See* 1977–1978 Att'y Gen. Ann. Rep. 118, 119 (certificate of breath alcohol analysis under § 18.2-268 is duly attested by certification alone).

1991 *Opinions of Attorney General*, pp. 138–139.

In *Ferguson v. Ferguson*, 187 Va. 581, 591, 47 S.E.2d 346, 351 (1948), a *devisavit vel non* proceeding, the Supreme Court stated:

A competent witness is a person who, at the time of making the attestation, was qualified to testify in court to facts which he attests by subscribing his name to the will . . . .

Where, as in Virginia, a formal attestation is unnecessary, any form of signing a will with the intention of acting as a witness is sufficient. Attestation is the act of the senses and subscription is the act of the hand. To attest a signature means to take note mentally that the signature exists as a fact. *Tilton v. Daniels*, 79 N.H. 368, 109 A. 145, 8 A.L.R. 1073.

An attesting witness is one who signs his name to an instrument for the purpose of proving and identifying it, or one who signs with the intention of being considered a witness to an act in question.

The court in *French v. Beville*, 191 Va. 842, 62 S.E.2d 883 (1951), a cause to impeach a will, noted:

It appears on the face of the instrument that the paragraph immediately above the signature of Pitts is an imperfect certificate to the effect that Crowder was a witness to the signature of Charles Edward French. It neither adds to, nor subtracts from, the fact that Crowder was a witness to the

signature, and, under the circumstances, it has no legal significance . . . .

The validity of French's will does not depend on the imperfect certificate inserted by Pitts, but upon whether Pitts signed as a witness to the instrument, at the request of the testator. The simple fact that the witness wrote the superfluous paragraph should not invalidate the instrument, without which, the uncontradicted testimony establishes proper execution.

191 Va. at 849–850, 852, 62 S.E.2d at 886–887.

Based upon the concluding paragraph of Code § 19.2–187 and upon those cases discussing attestation above, this court concurs in the opinion of the Attorney General that "the signature alone (of the person performing the analysis) thus certifies the genuineness of the certificate of analysis."

Accordingly, the motion to suppress is overruled.