(No. 13664.—Decree affirmed.)

ANNA MILDRED BUNDY *et al.* Appellees, *vs.* JOSEPHINE WEST *et al.* Appellants.

*Opinion filed April 21, 1921.*

1. WILLS—*verdict in will contest does not depend altogether on number of witnesses.* A verdict in a will contest on the ground of mental incapacity of the testator depends not only upon the number of witnesses but upon the weight to be given to their testimony, based upon their opportunities for observation and the formation of an opinion, their intelligence, their apparent honesty and interest in the case, their relation to the parties, and the various circumstances appearing on the trial which might affect their credibility.

2. SAME—*when judgment setting aside will will be sustained.* Where a will is contested on the grounds of mental incapacity and undue influence, a judgment setting aside the will in accordance with the verdict will not be reversed where there is evidence to support a finding of mental incapacity, and a new trial will not be allowed solely because the evidence does not sustain the charge of undue influence.

3. SAME—*when defendants cannot object that the jury were instructed on the issue of undue influence.* Defendants to a bill to contest a will upon the grounds of mental incapacity and undue influence cannot object that the jury were instructed on the issue of undue influence, even though there is no evidence to sustain such issue, where they made no motion to withdraw that issue from the jury but joined in submitting it to the jury and requested instructions upon it; and the correctness of the instructions will not be considered if the verdict on the other issue is supported by the evidence and is decisive of the case.

4. SAME—*when evidence is not admissible as being a mere conclusion.* Evidence in a will contest case upon the issue of mental incapacity that the testator was as bright as the common run of men and that his ability to discuss current events was above the

average is not admissible as the statements are mere conclusions of the witness; and an objection to the question whether the testator was able to do ordinary business should be sustained as calling for a mere conclusion.

5. SAME—*when party in interest may testify in rebuttal of improper evidence.* In a will contest case, where evidence has been improperly admitted of a statement by one of the proponents, in the absence of the testator, which amounted to an admission by her that he was of unsound mind, the party charged with having made the statement is competent, under the fourth clause of section 2 of the Evidence act, to testify in rebuttal as to the alleged admission or conversation.

APPEAL from the Circuit Court of Marion county; the Hon. THOMAS E. FORD, Judge, presiding.

KAGY & KAGY, and E. B. VANDERVORT, for appellants.

WHAM & WHAM, and NOLEMAN & SMITH, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

William K. Bundy died on April 24, 1919, at the age of ninety-two years, having executed a will on November 17, 1917, which was admitted to probate. He left a widow, and his heirs were his two sons, Frederick and Isaac M. Bundy, four daughters and four grandchildren, the children of his deceased daughter, Mary. The will bequeathed to his wife all the testator's household goods and live stock and the income from one-half of all moneys, notes, certificates, stocks and bonds, and devised 160 acres of land to her for life. Ten dollars was bequeathed to the testator's son Isaac and a devise of 112 acres was made to him. The will stated that it was land which the testator had deeded to him which he was to pay for but did not. All the testator's farm utensils and tools were bequeathed to Frederick, and 80 acres of land was devised to him for life, with remainder, if he should marry and have children, to his bodily heirs, and if he should die without bodily heirs,

to the testator's four daughters. The will stated that on account of expenses incurred in caring for his daughter Mary French and his grand-daughter Lizzie French, the testator bequeathed $100 each to Lizzie and the other three grandchildren. Besides the contingent remainder in the 80 acres devised to Frederick, the will devised to the four daughters 160 acres of land and the remainder in the 160 acres devised to the widow for life, and bequeathed to them one-half of all moneys, notes, certificates, stocks and bonds after the payment of doctors' bills and funeral expenses, and also the other half of such moneys, notes, certificates, stocks and bonds subject to the right of the widow to receive the income during her life. There was a gift of the residue to the widow for life and after her death to the four daughters and Frederick. George J. West, the husband of one of the daughters, was named as executor. All the other heirs filed a bill in the circuit court of Marion county against the four daughters and the executor to contest the will on the ground of mental incapacity and undue influence. Issues were made up and submitted to a jury, and a verdict was returned finding that the instrument was not the last will and testament of William K. Bundy, that he was not of sound and disposing mind and memory at the time the instrument purports to have been executed, and that he was then under improper restraint or undue influence. A decree was rendered setting aside the will and the probate thereof, and the defendants have appealed.

The testator was a very old man. About forty witnesses testified in regard to his mental condition, and there was a nearly equal division of the opinions expressed as to whether or not he was of sound mind in the later years of his life. The testimony was of the usual character in such cases, consisting of the statements of the various witnesses as to their acquaintance with the testator, their association with him, seeing, hearing and observing his conversation and actions, and their opinions based upon their

observation. Counsel for the respective parties have argued the question of the sufficiency of the evidence to sustain the verdict, but it would serve no useful purpose to discuss the evidence at length in this opinion. There were no outstanding circumstances, no conspicuous or sudden breaking down of the mental powers, no acute disease or injury, but only a gradual mental decay accompanying old age and physical weakness, and the question of fact was the extent of the loss of mental capacity. There is no doubt that the evidence on either side of the controversy, alone, is amply sufficient to sustain a verdict for that side. The verdict depends not only upon the number of witnesses, but upon the weight to be given to the testimony of the respective witnesses based upon their opportunities for observation and the formation of an opinion, their intelligence, their apparent honesty and interest in the case, their relation to the parties, and the various circumstances appearing on the trial which might affect their credibility. Counsel for each party have made arguments based upon the circumstances detailed by each witness for the superior opportunity for observation and the formation of a trustworthy opinion of their respective witnesses and for the greater weight which should be given to their testimony, but these were questions which the jury and the trial judge were in a much better position to determine than a court of review. Where in such a case the evidence in favor of the prevailing party is sufficient to sustain the verdict, a judgment will not be reversed because the verdict is contrary to the evidence.

There was substantially no evidence from which a conclusion that the will was executed because of any undue influence or improper restraint could be reasonably drawn, and if the decree rested upon this finding, alone, it would have to be reversed, but a new trial cannot be granted for this reason, where, without reference to it, the other issue is decisive of the case.

Instructions were given at the request of the appellees on the issue of undue influence which the appellants contend were erroneous, but they need not be considered, because, in view of the verdict on the other issue, they could not have affected the decree which was rendered. No motion was made by the appellants to withdraw the issue of undue influence from the jury but they voluntarily submitted that issue with the others and requested instructions upon it, which were given. Having joined in the submission of the issue they cannot object that the jury were instructed in regard to it, and the verdict on the other issue renders it unnecessary to determine whether the instructions were right or wrong.

The appellants complain of the refusal of an instruction to the effect that not so great mental capacity is required to enable a person to make a will as to transact ordinary business. The doctrine of the instruction is contained in the sixth instruction given at the request of the appellants.

Complaint is made of the action of the court in striking out the answer of a witness that "I couldn't see any difference in Mr. Bundy when we had this talk from what he used to be." Immediately afterward, in answer to a question as to his opinion on that date, he answered: "It was what I said; I couldn't see any difference; he was always a very bright gentleman,"—thus giving the appellants the benefit of the answer stricken out.

The court struck out the answer of a witness that he guessed that the testator was as bright as the common run of men, and of another witness that his ability to discuss current events was above the average, and sustained an objection to the question asked another witness as to whether he was able to do ordinary business. The answers stricken out were merely conclusions of the witnesses, and it was for the jury to determine, and not the witnesses, whether they were legitimate inferences from the circumstances de-

tailed.  So, also, would an answer have been to the question to which the objection was sustained.

Evidence was admitted, over the appellants' objection, that Isaac Bundy, one of the appellees, had been at his father's place during recent years doing chores and working at different things, and that the grand-daughter Lizzie French, another appellee, had lived with her grandfather since she was a little girl, and that she worked doing housework, milking the cows, feeding the chickens and hogs, working in the garden and truck patches. This evidence had nothing to do with the issues in the case. It was incompetent and should have been rejected.

A witness for the appellees testified that Mrs. Robinson, one of the appellants, said of her father when he was out in the yard pulling weeds: "Poor pappy! He don't know what he is doing." Mrs. Robinson was called in rebuttal to deny this, but an objection to her competency was sustained. The evidence of Mrs. Robinson's statement was not competent. It was not objected to, but since it had been offered by the appellees and admitted she ought to have been permitted to deny it. The statement was introduced as an admission or conversation of a party, and the circumstances indicated that it was made in the absence of the deceased party. She was therefore competent under the fourth clause of section 2 of the act in regard to evidence and depositions, in regard to the same admission or conversation. *Calkins* v. *Calkins,* 220 Ill. 111.

The court erred in admitting the evidence in regard to the work of Isaac Bundy and Lizzie French and in refusing to permit Mrs. Robinson to deny the statement attributed to her, but in view of the whole record we do not deem these errors of sufficient importance to require a reversal of the decree.

The decree will be affirmed.  *Decree affirmed.*