### In re CHUBBEE'S WILL.

No. 18188.   Opinion Filed March 27, 1928.

Rehearing Denied Nov. 20, 1928.

W. F. Semple and I. R. Mason, for proponents.

W. F. Tyree and Lydick, McPherren & Jordan, for contestant.

PHELPS, J. The will of Leanna Chubbee was filed for probate in the county court of Bryan county. John Wilkerson, her nephew and sole surviving relative, filed his contest. The will was admitted to probate, and Wilkerson appealed to the district court of Bryan county, where the contest was sustained, and the proponents of the will appeal here, the sole question presented by the appeal being whether Yeanna Chubbee had sufficient mental capacity to make the will and whether she was acting under duress and undue influence when the will was executed.

The proponents of the will present their grounds for reversal under three propositions, the first of which is that probate actions are of equitable cognizance and it is the duty of the Supreme Court, on appeal, to examine the evidence and render or cause to be rendered such judgment as the trial court should have rendered.

Apparently this proposition is not disputed and is recognized as a settled rule of law in this state, among the later expressions of this court being found in Re Estate of Wahkon-tah-he-um-pah v. Hanna, 109 Okla. 126, 234 Pac. 210.

Proponents' second proposition is that the burden of proof is upon the proponents of a will until a prima facie case of due execution has been established, and then the burden shifts to the contestant to show a state of facts justifying the court in denying its admission to probate. This proposition is also well settled in this state. In re Will of Son-se-gra, 78 Okla. 213. 189 Pac. 865: Hunter v. Battiest, 79 Okla. 248, 192 Pac. 575; In re Estate of Wah-kon-tah-he-um-pah v. Hanna, supra.

Under the third proposition the proponents claim that the findings and judgment of the trial court are wholly unsupported by, and are contrary to the clear weight of the evidence. We are not advised by the wording of the journal entry what the basis of the finding and judgment of the trial judge was. It merely recites. "and the court being well and sufficiently advised in the premises, finds in favor of the contestant."

It appears that Leanna Chubbee was an uneducated and illiterate Choctaw Indian woman, who, although given an allotment in what is now Bryan county, Okla., for more than 30 years made her home in the state of Mississippi as a member of the household of one T. J. Smith, who was named as beneficiary in the will. It appears that she was not able to write, but executed the will by mark, to which there were four subscribing witnesses. Mr. T. J. Reynolds, mayor, also justice of the peace, of the town of Chunky, added his certificate to the will, certifying that he made the mark of Leanna Chubbee in the presence of herself and at her request and in the presence of all the subscribing witnesses. He further testified that he read the will over to her and thoroughly explained its contents; that she understood it and voluntarily executed it. To the same effect was the testimony of the subscribing witnesses.

Witnesses for the contestant, however, state that, in their opinion, she did not understand the nature of the will and that, in their opinion, her mentality was such that she was not capable of executing a will. Among these witnesses were the contestant, John Wilkerson, and S. I. Watson, both of whom had not seen her for 10 or 12 years.

We have carefully examined the record and have read the testimony of the witnesses, and from this testimony we reach the conclusion that Leanna Chubbee was a simple-minded, uneducated woman, living in a very narrowly circumscribed sphere and understanding little about technical business affairs, but that she was of sound mind and had sufficient mental capacity to properly execute the will in question. This conclusion, we think, is supported by the expressions of this court in Payton v. Shipley, 80 Okla. 145, 195 Pac. 125, McClure v. Kerchner, 107 Okla. 28. 229 Pac. 589, and In re Estate of Wah-kon-tah-he-um-pah v. Hanna, supra.

This brings us to the question as to whether undue influence was exercised in the execution of the will. What it takes to constitute undue influence has been so frequently announced, elaborated, and commented upon by this court that there can no longer remain a doubt as to the rule of law applicable in such matters. The later and more pertinent expressions of this court are found in Re Cook's Estate, 71 Okla. 94, 175 Pac. 507, Kindt v. Parmenter, 83 Okla. 116. 200 Pac. 706. and Nelson v. York, 87 Okla. 210, 209 Pac. 425.

There is no testimony whatever that un-

due influence was exercised or exerted over the testatrix in the execution of this will, but the contestant seeks to show a state of facts from which such undue influence must be presumed or inferred. It appears that for many years the testatrix lived in the home of the principal beneficiary under the will as a member of his family; that no blood relationship existed between them, but that the family cared for and supported her as other members of the family were provided for; that she had no relatives to whom she could look or upon whom she could depend; that the contestant had not seen her for years.

Here we are constrained to appropriate the sentiment, if not the language, used by this court in Re Estate of Wah-kon-tah-he-um-pah v. Hanna, supra, and say, What more natural thing could have been than for this testatrix to want to give her property to those with whom she had lived and who had loved and cared for her as a member of their household? They were no kin to her, but, as a matter of natural affections and intimacy of associations, the beneficiary and the members of his family were first in the heart and affections of this old Indian testatrix and in making the will she did the natural thing and disposed of her property in a most rational manner.

It is contended by counsel for contestant that the evidence showed a fiduciary relation existing between the testatrix and the beneficiary under the will and that such fiduciary relation shifted the burden of proof to the proponents of the will. They cite numerous authorities supporting this contention, but, as we view it, they are not applicable here for the reason that they refer to such confidential relations as exist between husband and wife, parent and child, priest and parishioner, principal and agent, or guardian and ward, and the evidence here does not show a state of facts even approximating such relationship.

We reach the conclusion that the judgment of the district court is not supported by, and is contrary to the clear weight of the evidence, and is, therefore, reversed and judgment rendered, dismissing contestant's petition and admitting the will to probate.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, HUNT, CLARK, and HEFNER. JJ., concur.