## PORTER et al. v. PORTER.

No. 23714.  June 12, 1934.

Rehearing Denied Sept. 11, 1934.

R. E. Davenport, for plaintiffs in error.

Bond, Hatcher & Bond, for defendant in error.

McNEILL, J. This case involves the question of whether a will shall be admitted to probate. The testator, A. S. Porter, a citizen of Grady county, Okla., died on June 24, 1924, leaving an estate in Grady county, Okla., consisting of real and personal property. It appears that said decedent, accompanied by his son, Alfred Lamar Porter, contestant herein, left his home in Oklahoma to visit at the home of his sister and brother-in-law in the city of Hamilton, county of Wentworth, Ontario, Canada; that he was in a sick condition when he arrived after a trip consisting of four days; that he received medical attention the day he arrived; that his health had been failing for several months prior to the time of his death, which apparently had been accentuated more or less by the death of his wife in August. 1928. He had received medical and hospital attention at St. Anthony's Hospital in Oklahoma City from March 30, 1929, until May 18, 1929, and had returned to the hospital on May 27, 1929, and remained there for a period of four days. The medical history indicated that he was suffering from lymphosarcoma; that he was a man of about 54 years of age, and that his son was 17 years of age.

That on June 23, 1929, he executed a will at the home of his sister and brother-in-law in Canada by the terms of which he bequeathed to the sister at whose home he was staying and another sister residing at Hamilton, Ont., $2,000 each, and to a sister of his deceased wife residing in Greencastle, Ind., the sum of $2,000, and an additional $1,000 to the spinster sister at Hamilton, Ont., who was to act as guardian of his son, and the balance of said estate was left to said son, who was not to receive the same until he was 25 years of age. The will is regular in form and not ambiguous in its terms. It also appears that decedent had a brother who visited him at the home of his sister where he was visiting, and who also witnessed the will of the said decedent. Said decedent did not make this brother a legatee or devisee under the will. It also appears that the will was prepared in the home where said decedent died

by an attorney who had been summoned to write the will.

On July 22, 1929, Eliza Porter, a sister of said decedent, filed in the county court of Grady county her petition for the probate of said will of said decedent. Thereafter, on August 23, 1929, Alfred Lamar Porter, the son, filed his contest to the probate of said will on three grounds:

(1) Incompetency.

(2) Undue influence.

(3) Not properly executed.

The proponent of said will filed an answer to said contest in the way of a general denial. On September 3, 1929, the contest was tried in the county court of said Grady county, and judgment was rendered denying the probate of the will. From this judgment an appeal was lodged in the district court. The contestant requested the privilege of a trial by jury, and suggested the following interrogatories as determinative of the issues:

"1. Did the deceased, A. S. Porter, at the time of the execution of the contested will herein, have testamentary capacity to execute a will? That is to say, did he then know what he was doing and did he then understand the consequences of his act?

"2. Was the deceased, A. S. Porter, at the time of the execution of the contested will herein acting under undue influence, menace or duress? That is to say, was the will which he executed so executed because of the undue influence, menace or duress of some one else."

A jury trial was had and the jury found in favor of the contestant on the ground of incompetency and undue influence, and judgment was rendered in accordance with said findings. The proponents of the will have perfected their appeal to this court.

The proponents of the will have presented testimony of great weight upon the question of competency and undue influence. The expert medical testimony appears to be of the very highest character, as well as that of the attorney who drafted the will, and nothing is shown derogatory of the character of decedent's relatives who waited upon him in his last illness. If the will of the decedent was not emanated from a free will without influence of others and was not the voluntary act of the testator, the will should not stand. In determining these questions, the facts and circumstances surrounding the conduct, behavior, and mental condition of the testator at the time of the execution of said will must be considered, but this does not pre-

clude a consideration of these facts extending over a long period of time.

We consider it unnecessary to set out in detail the evidence of the proponents and contestant. The only purpose it could serve would be to show that the same was conflicting. The question of mental capacity and question of undue influence are issues of fact determinable from a consideration of the behavior and mental capacity of a testator extending over a long period of time, and should not be confined strictly to the time of the execution of a last will and testament Page on Wills, par. 702, p. 1180.

In this case the county court denied the probate of the will in question. The district court presented the question of mental capacity and the question of undue influence to the jury. The jury was simply advisory to the court. The trial court is not bound by the findings of the jury and cannot defer its own judgment and peculiar responsibility in an action of this character where the contestant seeks to have the probate of a will denied by invoking the powers of a court of equity.

In the instant case the jury answered the interrogatories submitted to it as to the mental capacity and undue influence exerted upon decedent in favor of contestant. The trial court approved these advisory findings. The trial court under this evidence could have found in favor of the proponents of the will instead of in favor of the contestants. Had there been such a finding, we would not be justified in setting the same aside. We have adhered to the rule that a case of this kind and character is an equitable action, and that the judgment of the district court in such an action shall stand unless against the clear weight of the evidence. In re Anderson's Estate, 142 Okla. 197, 286 P. 17.

The action is not tried de novo in this court, but we are called upon to review the judgment of the trial court on appeal. In the case of Bell et. al. v. Skinner, 239 P. 965, the Supreme Court of Kansas, in an action to set aside a will and the probate thereof on the ground that at the time of its execution the testator was incompetent to make it and its making and execution were effected by undue influence by the principal beneficiary, in its syllabus, paragraphs 1 and 2, said:

"1. Rule followed that a trial court's determination of issuable and controlling facts will not be disturbed on appeal, where such determination is supported by substantial though controverted evidence.

"2. Rule followed that the trial court is not bound by the verdict and special findings of an advisory jury, and held that, where such verdict and findings are disapproved, it is the trial court's duty to set them aside and to enter such judgment as its own interpretation of the evidence and determination of the facts will warrant."

In the body of the opinion, the court said:

"Plaintiffs * * * present their cause as if there still were issues of disputed fact to be determined by this court, whereas our function is to determine whether there was sufficient evidence to justify the findings and judgment of the trial court. That there was evidence presented to the trial court which would have sustained the issues contended for by plaintiffs, if that tribunal had given them greater credence and had attached a different significance to the relationship of the testator to his heirs and to his principal beneficiary, may readily be conceded, but that is altogether immaterial to a determination of this appeal. * * *

"It is the plaintiffs in this case who invoked the equity powers of the court—to set aside the instrument purporting to be the last will and testament of Lewis Bell. And plaintiffs cannot invoke equity and at the same time reject the procedure by which equitable justice is ascertained and decreed."

In the case of Davis v. Harrell, 96 So. 616, the Supreme Court of Alabama considered a protest of a last will and testament wherein the genuineness of the instrument was denied. That court said:

"The question here for determination relates only to the issues of fact. The trial court had the witnesses before him and an opportunity to observe their demeanor upon the stand, and considering the issue presented in this cause, we are of the opinion this was of peculiar advantage in this particular case. The rule governing this court upon questions of this character has been so often stated as to need no repetition here, further than to observe that this court is not to reverse the trial court under these circumstances only for the reason that his conclusion is contrary to the mere preponderance of the evidence, or, indeed, merely because this court may have reached a contrary conclusion. Before reversal upon this ground, we must be convinced that the finding is plainly and palpably wrong."

The Supreme Court of Alabama, in the case of Jordan v. Ringstaff, 102 So. 895, also considered a petition for the probate of a lost will which was contested in that case; the court said:

"The main issue presented is the existence of a will duly executed vel non. It is purely an issue of fact. This issue was submitted to

648

the judge of probate upon testimony of witnesses examined orally before him. His decision must be accorded all the presumptions of the verdict of a jury. To overturn his judgment we should be clearly convinced that it is wrong and unjust. This rule rests upon the soundest bases of reason and experience."

The Supreme Court of Illinois, in the case of Holland et al. v. People's Bank & Trust Co., 303 Ill. 381, 135 N. E. 717, considered the contest of a will wherein it was alleged that the testator was of unsound mind and memory and was mentally incompetent to make a valid will. In that case it was contended by the contestants that the verdict of the jury and the decree of the court were contrary to and not warranted by the evidence. The evidence of the proponents of the will tended to show that the testator possessed sufficient mental capacity to make the will, and the contestant's evidence was to the effect that the mind and memory of the testator were impaired and that he did not possess capacity to execute a will. That court said:

"In such a situation the question is properly submitted to the jury for determination. This court has held that, where the testimony on either side is such as, uncontroverted, would justify a finding either for or against the complainants, a reviewing court will not disturb the verdict and decree, even though it might entertain a different view from the court below, if the evidence were submitted to it as an original proposition. Wilcoxon v. Wilcoxon, 165 Ill. 454, 46 N. E. 369; Bundy v. West, 297 Ill. 238, 130 N. E. 709. Any attempt to set out the evidence in detail could only serve the purpose of showing it was conflicting. There is nothing in the record to indicate the witnesses on one side were more intelligent or credible than those on the other side. Considering the entire evidence on both sides, without expressly referring to it in detail, it cannot be said the decree of the circuit court is manifestly contrary to the evidence, and should be reversed on that ground. Judy v. Judy, 261 Ill. 470, 104 N. E. 256; Kellan v. Kellan, 258 Ill. 256, 101 N. E. 614; Aftalion v. Stauffer, 284 Ill. 54, 119 N. E. 981."

In the instant case, there seems to have been no apparent objection to the competency of the evidence which was offered. The facts were fully developed under the issues. A portion of the testimony, and especially that which related to the time when the instrument was executed, was by deposition, with the exception of the testimony of contestant, who was present at the time of the execution of the instrument in question. The trial court has an advantageous position in determining issues of the instant character in the trial of a contested will. After he has determined the issuable facts, his judgment should not be disturbed because this court might reach a contrary conclusion. Before a judgment of a trial court in a contest of a will is reversed, such judgment should be clearly and manifestly wrong and against the clear weight of the evidence. It is not sufficient that this court might reach a contrary conclusion. Had there been a finding for the proponent of the will, this court would not be justified in setting the same aside. However, the trial court denied the probate of the will in question, and after a review of the facts and circumstances as presented by this record we cannot say that such judgment is manifestly contrary to and against the clear weight of the evidence.

Judgment affirmed.

ANDREWS, OSBORN, BUSBY, and WELCH, JJ., concur. RILEY, C. J., and SWINDALL and BAYLESS, JJ., dissent. CULLISON, V. C. J., absent.