## ALARCON v. DICK et al.

No. 26658. Oct. 13, 1936.

Rehearing Denied Nov. 24, 1936.

Walter S. Mills, R. B. Strong, E. L. Mitchell, J. C. Randol, and Jack Page, for plaintiff in error.

Darnell, Gibson & Loving and Meacham, Meacham & Meacham, for defendants in error.

McNEILL, C. J. The issue presented is the probate of a will upon contested grounds of ability in understanding its contents and its execution under undue influence.

The will was admitted to probate by the county court and on appeal to the district court was denied. Lydia Dick Alarcon, plaintiff in error, has perfected this appeal and seeks reversal of the district court upon the theory that Katherine Dick, testatrix, knew and understood the English language sufficient to qualify her to make the will in question and that there was no evidence that said testatrix was acting under undue influence.

It appears that the testatrix, the mother of plaintiff in error and defendants in error, was a pioneer German woman of about 63 years of age at the time she executed the will, which was about three years prior to her death. Her husband had died about ten years before her death. These three children and the mother occupied the farm, consisting of about 1,080 acres, after the death of the father, the land being left to the widow and mother as her sole property, the children having received other property upon the death of their father.

The instant will gave two-thirds of the property to the daughter, plaintiff in error, and one-sixth to each of the two sons, defendants in error.

The district court presented two special interrogatories to the jury. The jury, by its verdict, found that the testatrix did not know and understand the contents of the purported will at the time of its execution and that said testatrix was acting at said time under undue influence. The court, in adopting these advisory findings, denied the probate of the will.

It is settled law in this state that this court will not reverse the judgment of the trial court in admitting a will to probate unless said judgment is against the clear weight of the evidence. Wheeler et al. v. Wade, 172 Okla. 365, 45 P. (2d) 66; In re Tiger's Will, 94 Okla. 103, 221 P. 441; In re Anderson's Estate, 142 Okla. 197, 286 P. 17; Porter v. Porter, 168 Okla. 645, 35 P. (2d) 938.

The findings of the jury were advisory only, but the questions at issue and determined by the court were questions of fact, and it is our province to determine whether the judgment is against the clear weight of the evidence which was submitted to the trial court. It would serve no useful purpose to set forth in detail the evidence which we have reviewed nor review all the facts and circumstances surrounding the execution of this will. It seems that the testatrix was of good intelligence and good business ability and could talk English. The contestants urge that the evidence showed that she did not have a sufficient knowledge of English to understand the will when it was read to her. A number of witnesses were introduced, both German and English speaking, and the evidence was conflicting. Respond-

248

ent, plaintiff in error, introduced ten witnesses, five of whom spoke both German and English, and whose testimony was to the effect that in their opinion the testatrix had sufficient intelligence and sufficient knowledge of the English to understand the wi'l if the same was read and explained to her in English. On the other hand, the contestants introduced 11 witnesses, eight of whom spoke both German and English and all of whom had known the testatrix for a number of years and each of whom testified in substance that the testatrix would not have understood the will had it been read to her in English. Under this state of the record, it is apparent that this court cannot say that the findings of the jury, which were adopted and approved by the court, are against the clear weight of the evidence.

We are of the opinion from a careful review of the record that the judgment of the trial court should be, and the same is, affirmed.

OSBORN. V. C. J., and WELCH, PHELPS, and CORN, JJ, concur.