## In re DUVALL'S ESTATE.

No. 27224.  Sept. 28, 1937.

Harold H. Malone and T. Murray Robinson, for appellant.

R. F. Shutler and E. T. Barbour, for appellees.

CORN, J.  In this case the validity of the will of Pattie Duvall, an aged colored woman, is involved for this court's consideration. The parties retain the same position here as in the trial court, and will be referred to as contestant and proponent, respectively.

The contestant, a niece of the testatrix, urges that Pattie Duvall was illiterate; that the alleged signature to the will was a forgery; that the decision of the trial court was contrary to the physical facts, which disclosed a forgery; that the decision of the trial court was against the clear weight of the evidence; that the testatrix could not sign her name; and that the will was not executed according to law.

The petition for probate of the will was filed July 3, 1931, by one R. G. Alexander, colored, proponent and principal beneficiary, who was named executor. The contestant, Leona Kirk, is a niece of the testatrix, and claimed to be an adopted daughter. The will was admitted to probate and the contestant appealed to the district court, where the judgment was affirmed. The contestant then appealed to this court and the judgment was reversed because the proponent failed to produce sufficient evidence to show execution of the will [Kirk v. Alexander, 171 Okla. 68, 41 P. (2d) 899]. A new trial was had and the trial court again found for the proponent and admitted the will to probate.

The only question involved is whether the will is a forgery and the decision of the trial court in admitting the will to probate is contrary to the weight of the evidence. This being the only question raised, we shall touch only upon the matter pertinent to a decision, as revealed by the record, in deciding this one question.

All the evidence introduced by the contestant was negative evidence, apparently brought forward in an attempt to show that the testatrix was physically incapable of signing any instrument except by mark, and that it was in this fashion that she signed any paper necessary for her to sign. In addition to this, numerous witnesses testified that to their knowledge the testatrix was never able to read or write. In fact, all the contestant's evidence was to this effect and by witnesses who testified that they knew she was unable to write her name because they had never seen her do so, and because they knew that in trans-

acting her usual business affairs the testatrix signed only by mark.

While the contestant strenuously urges that the will in question is an outright forgery, no experts were asked to examine the alleged forged signature and testify in regard to it. It is true that the contestant introduced the testatrix's banker as an expert witness, but he testified only from the knowledge gained in the daily conduct of his own business, and could not absolutely declare the signature to be a forgery since he did not know whether any of the signatures presented were authentic.

The only point raised was the ability of the testatrix to sign her name, and from the evidence as disclosed by the record we agree with the statement of the trial court that the evidence is overwhelmingly in favor of the validity of the will. As said in the case of In re Dillard's Estate, 148 Okla. 168, 298 P. 558:

"Where the county court has admitted a will to probate, and on trial de novo the district court has done the same, and the decision depends on questions of fact, the Supreme Court will not reverse the case unless the evidence is not sufficient to sustain the findings."

When a will is offered for probate and admission to probate is contested. the burden of proof is upon the proponents of such will to establish a prima facie case of execution in order that said will may be admitted to probate. When this is done, the burden then shifts to the contestant to prove the issues of such contest, and unless this is established by the clear weight of the evidence, such will should be admitted to probate. See In re Chubbee's Will, 133 Okla. 156, 271 P. 681.

From a careful examination of the record, we conclude that in this case the proponents made out the prima facie case required of them, and satisfactorily sustained the burden of proof the law imposed upon them, by ample and satisfactory evidence that the testatrix could and did execute the will in question, and in the absence of clear and convincing proof to the contrary, and in view of the fact that the judgment of a trial court will not be disturbed on appeal unless it is against the clear weight of the evidence, we hold that the judgment of the trial court in admitting the will in question to probate is affirmed.

OSBORN, C. J., and RILEY, WELCH, GIBSON, HURST, and DAVISON, JJ., concur. BAYLESS, V. C. J., and PHELPS, J., absent.