**BARNES, Adm'r, v. LOGSTON et al.**

No. 28427. March 14, 1939.

A. G. Wood and Arney & Barker, for plaintiff in error.

E. S. Collier and Darnell & Gibson, for defendants in error.

DANNER, J. This is an appeal from a judgment of the district court of Dewey county, admitting to probate the will of Minnie C. McClung, deceased. The judgment is consistent with the order of the county court of the same county entered in the initial proceedings had in that court.

Plaintiff in error, contestant in the trial courts, contends: First, that the will was not executed in the manner provided for by law; second, that undue influence was exercised in the execution of the will; and third, insufficient mental capacity in the testatrix to execute a will at the time same was executed. The judgment is based upon findings of fact and conclusions of law entered by the court at the time judgment was rendered. We are therefore to determine whether the judgment is against the clear weight of the evidence. Alarcon v. Dick et al., 178 Okla. 247, 62 P.2d 475; In re Ritter's Estate, 181 Okla. 309, 73 P.2d 161.

Proponents submitted proof showing that the will was written by an attorney in conformity with instructions given him by

the testatrix, in his office, three or four days before the date of its execution on February 17, 1933. The instrument is signed by three witnesses, each of whom testified that the testatrix read the instrument carefully and signed it in their presence. Additionally, the proof shows that the attorney who wrote the will was present at the time of its execution and advised the testatrix of the nature of the instrument. In addition, the instrument shows on its face that it is a "last will and testament."

The due execution and attestation of the will is abundantly established by the proof. Likewise, it appears from the testimony of the subscribing witnesses that at the time of the execution of the will Mrs. McClung was fully capable of understanding the significance of the transaction. The record is free of evidence to the contrary. True, the testatrix was a person of eccentricities, sometimes forgetful, and frequently prejudiced in her likes and dislikes of individuals. She was about 77 years of age and sometime before the execution of the will had suffered an injury which incapacitated her from doing heavy house work or in getting about to any great extent. However, the proof shows that at the time the will was executed Mrs. McClung was able to walk about the house, and before signing the instrument took it to the window and read it carefully. A few days previous she had walked from her residence to the business part of Taloga and there transacted personal business. It is unquestioned that Mrs. McClung was a woman of more than average ability and understanding; well informed and active in social and fraternal affairs. The due execution and attestation of the will having been clearly established, a presumption of testamentary capacity in the testatrix arose which placed upon contestant the burden of proving a contrary condition. In re Free's Estate, 181 Okla. 564, 75 P.2d 476; In re Riddle's Estate, 165 Okla. 248, 25 P.2d 763. This responsibility contestant failed to meet.

The beneficiaries under the will are Rebecca Coyle, an employee in the home of the testatrix, and George Logston, a long-time resident of Dewey county and for years an acquaintance of the deceased. By the terms of the will, heirs at law of the deceased were excluded from participation in the distribution of her property. In the circumstances it is proper to carefully scrutinize the record for evidence of undue persuasion or influence exercised in the execution of the will. However, mere suspicion, conjecture, possibility, or guess that undue influence or fraud has induced a will is not sufficient to support a finding to that effect. Ginter v. Ginter et al. (Kan.) 101 P. 634; In re Ritter's Estate, supra.

We observe that Mrs. McClung lived approximately eight months following the date of the execution of the will; a sufficient length of time to have enabled her to alter the provisions of the will, had she so desired. Additionally, her heirs at law (with the exception of contestant, a brother) were nephews and nieces of adult age. All of them, including contestants (with a single exception), were nonresidents of the state and presumably had long been disassociated from the deceased, a pioneer of Dewey county.

From a careful consideration of the record, we are unable to find any evidence sufficient to justify a reversal of the judgment. Accordingly, the judgment is affirmed.

BAYLESS, C. J., and RILEY, OSBORN. and GIBSON, JJ., concur.