McDONALD et al. v. COOKE.

*97 P. 2d 883.*

No. 28830.   Oct. 24, 1939.

Rehearing Denied Jan. 16, 1940.

Hugh M. Bland and Twyford & Smith, all of Oklahoma City, for plaintiffs in error.

Tom W. Garrett (Garrett, Goodson & Rigsby, of counsel), all of Oklahoma City, for defendant in error.

GIBSON, J. This appeal is from an order of the district court of Oklahoma county admitting a will to probate.

Plaintiffs in error are herein designated contestants and defendant in error as proponent.

Thomas McDonald died in Oklahoma City without known relatives. After the appointment of an administrator of his estate, proponent filed for probate a will executed in Missouri in 1898 by "Thos. McDonald," in which instrument proponent was named sole beneficiary. Contestants, claiming to be a sister and brother of the deceased, filed objections to the probate of the will, charging they were the only surviving kin and entitled to inherit; that the will was not executed in the manner and form required by the law of Missouri; and that the will was not executed by the said Thomas McDonald, deceased. Upon hearing had in the county court, the will was admitted to probate and the objections thereto overruled. Upon hearing de novo in the district court, the will was admitted to probate, and contestants have appealed.

Under the view we take of this case, the essential question for our determination is whether, from the weight of the evidence, the will in question was executed by the Thomas McDonald, deceased. The Missouri law relating to the execution and proof of wills was pleaded and proved. The attesting witnesses were shown to be dead at the time of trial, and proof of execution was made by witnesses other than proponent. Under the oft-repeated rule here applicable, unless the judgment rendered is against the clear weight of the evidence, the same will not be disturbed on appeal. Alarcon v. Dick, 178 Okla. 247, 62 P. 2d 475.

The burden of proof of the execution of the will and to show that the will was executed by the deceased was upon the proponent. When this was done it was incumbent upon the contestants to prove the issues of the contest.

Testimony of witnesses for proponent tended to establish that at and about the time of the execution of the will they knew a Thomas McDonald as a railroad worker engaged at various points in Missouri, including Stanberry, and in Oklahoma, lastly at Oklahoma City. That proponent herself, at testator's request, wrote the will except that McDonald inserted her name as beneficiary and then signed the instrument in the presence of the two signing witnesses. That after its execution, after exhibiting the same to others there present, the will was retained by McDonald. Proponent says she did not see the will until after the death of McDonald, at which time the will was delivered to her by a foster brother of the Stanberry McDonald. On behalf of proponent a Christmas greeting card and a birthday greeting card were received in evidence as having been received by proponent from McDonald about the year 1900, and

both of which cards contain writing, including the name "Thomas McDonald," claimed by proponent to be in the handwriting of the McDonald who signed the will. Proponent last saw McDonald about the year 1899. A sister of proponent testified that, with others, she was present at the execution of the will, and that in 1900 and again in 1922 she saw the same McDonald in Oklahoma City. The remains of the deceased were not seen by either proponent or her relatives or by contestants. The proof for proponent as to the physical description of McDonald and as to his occupation was substantially harmonious.

Contestants produced testimony by which it was sought to establish their blood relationship to the deceased. According credence to the testimony of both parties, the testimony related to two different McDonalds. The physical description of the contestants' McDonald, as well as his occupation, differed from that given by proponent's witnesses. The descriptions by proponent's witnesses who knew McDonald at and about the time the will was executed, and of his then occupation, more nearly fitted the physical description and occupation given by witnesses who had known the deceased and his occupation for a period of years just prior and up to the time of his death. The genuineness of signatures on railroad pay checks and bank signature cards introduced by contestants was admitted by both sides. Expert handwriting testimony for contestants was to the effect that the will and greeting card signatures were not written by the same person whose admitted signatures appeared on the pay checks and other writing introduced by contestants. One of these expert witnesses pointed out that over a period of years, as here, one might make some changes in the style of his letters, but that some characteristics of his earlier writing remained, and that there was some similarity between the will signature and the other signature exhibits known to have been written later by the deceased.

The McDonald who proponent says executed the will was shown to have been born in the state of Illinois, and to have followed railroad work at the time of the execution of the will and thereafter. The Thomas McDonald differing in physical description claimed as the relative of contestants' was born in the state of Kentucky, and at and about the date of the will resided and was present with his family in Oklahoma, and he was then, with his father, engaged in activities other than railroad work.

We deem a more detailed review of the evidence unnecessary here. From our careful examination of the entire record we are of the opinion that proponent sustained the burden upon her of proving the execution of the will by the deceased, and that contestants by their evidence failed to overcome the same. The judgment of the district court is not against the clear weight of the evidence, and should be affirmed. In re Duvall's Estate, 180 Okla. 641, 71 P. 2d 967; Loftin v. Yancey, 182 Okla. 313, 77 P. 2d 107.

It is so ordered.

WELCH, V. C. J., and CORN, DAVISON, and DANNER, JJ., concur.