In re AUSTIN'S ESTATE.
COOK et al. v. SYMCOX et al.

*98 P. 2d 47.*

No. 29413.   Jan. 16, 1940.

Mitchell & Mitchell, of Clinton, for plaintiffs in error.

Jones & Wesner, of Cordell, and Meacham, Meacham & Meacham, of Clinton, for defendants in error.

DANNER, J. In this appeal the plaintiffs in error, contestants in the trial court, complain of the judgment admitting to probate the last will and testament of Julius L. Austin, deceased. The judgment is in contravention of the order of the county court in the initial hearing on the petition for the probate of the will.

On July 22, 1938, the date the will was executed, the testator was around 77 years of age. In the will the testator disposed of his property, amounting in value to about $7,000, by devising and bequeathing it to his grandchildren, the defendants in error, to the exclusion of contestants, son and daughter, and other heirs at law.

Contestants complain of the sufficiency of the evidence upon which the judgment is based; incompetency of the testator, and the sufficiency of the testimony of nonexpert witnesses on the question of testator's competency to make a will.

The evidence relied upon by contestants shows, substantially, that the testator was disposed to be irritable, quarrelsome, eccentric and hard to get along with; that he had hallucinations of being mistreated by his children, and others; that he was unreasonable and arbitrary in his relationship with other people; threatened to eliminate his children from any consideration under his will on account of imaginary wrongs, and on one occasion had stated that if, upon his death, he had as much as a $10 bill he had rather burn it than for his children to receive it. John Cook, a grandson, not provided for in the will, a tenant on testator's farm, testified that he moved onto the farm in 1937; that testator imagined things were not proper and honest; wanted the witness to leave the farm and terminate the lease and threatened to burn the house unless the witness vacated. That late in December, 1937, while witness and his family were away from home, the house did burn. That in December, 1937, the testator suffered a stroke of paralysis, from the effects of which he never fully recovered; that thereafter his mentality became worse, his memory bad, and his conversation disconnected and, at times, meaningless.

Lloyd W. Davis, a disinterested witness, who had known the testator for a number of years, and who operated a drugstore, testified that testator was old and sickly, irritable and unreasonable, imagined that his relatives and others had mistreated him, used a great amount of patent medicines, and was "the most peculiar man I ever saw."

On the other hand, a large number of disinterested witnesses, most of whom had known the testator for many years and who were more or less intimately and frequently associated with him, testified to the testator's complete competency to make the will. That subsequent to the paralytic stroke, as before, the testator transacted his own business, discussed and made contracts for the renting of real estate, discussed with neighbors the loaning of his money, and in the meantime attended to the business incident to the sale of a farm at a price, according to some testimony, for more than it was worth. Prior to its execution he disclosed to some of the witnesses his intention to execute a will and named the grandchildren, defendants in error, as beneficiaries. Later, after the will was executed, he advised others of its execution and named the beneficiaries under the will. On the day the will was executed he drove his car, alone, from Weatherford to his attorney's office in Cordell, a distance of several miles, discussed freely how he wanted the will drawn and the manner of disposition of his property.

It appears plain, under the record and authorities, that the judgment should stand. There is no evidence of undue influence in the execution of the will; nor does the evidence show impairment of

362

testator's mental and physical condition sufficient to justify the annulment of the will. The following cases support our conclusion that the judgment is free of reversible error: Hunter v. Battiest et al., 79 Okla. 248, 192 P. 575; In re Ritter's Estate, 181 Okla. 309, 73 P. 2d 161; Barnes, Adm'r, v. Logston et al., 184 Okla. 464, 88 P. 2d 361; In re Lincoln's Estate, 185 Okla. 464, 94 P. 2d 227.

The judgment is affirmed.

BAYLESS, C. J., and RILEY, GIBSON, and HURST, JJ., concur.