In re WADDLE'S ESTATE.
WADDLE v. COLEMAN et al.

No. 33798.   Oct. 10, 1950.
Rehearing Denied Jan. 23, 1951.

*226 P. 2d 930.*

Hulsey & Hulsey, W. J. Hulsey, and Lena Hulsey, McAlester, for plaintiff in error.

Roy White and H. B. Parris, Eufaula, for defendants in error.

HALLEY, J.  Plaintiff in error will be referred to as contestant, and defendants in error as respondents.

John H. Waddle, a resident of McIntosh county, died on or about August 20, 1947, testate. A petition for the probate of his will was filed on September 25, 1947, in the county court, by his grandson and beneficiary under the will, John Coleman. After proper notice and hearing, the matter was admitted to probate on the 15th day of October, 1947. On April 28, 1948, Elaine Waddle filed a petition to contest the will after probate in the county court. On May 12, 1948, a hearing was had in the county court and judgment was entered denying the contestant any relief, and she appealed to the district court. From an adverse decision in the district court, she appealed here.

The only question really presented in this case is whether or not the purported will was subscribed, published and attested as required by section 55, Title 84, O.S. 1941.

At the original hearing to admit the will to probate, the attesting witnesses to the will, J. W. Thomas and Frank Tucker, testified orally, and their testimony was reduced to writing and subscribed and sworn to before the county judge. In these statements, they stated that John H. Waddle signed the instrument in their presence; that they signed the will as witnesses on the 26th day of November, 1946, in the presence of each other and of John H. Waddle, after John H. Waddle had published the instrument and declared to them that it was his last will and testament, and requested them to sign as witnesses. No one questions the signature of John H. Waddle to the will.

On the hearing of the contest in the county court, the witnesses to the will, J. W. Thomas and Frank Tucker, modified their testimony from what it had been on the hearing to admit the will to probate, and testified that the will was not signed by Mr. Waddle in their presence and that he never told them that it was his last will and testament. The county judge heard them testify both times and chose to take their testimony given at the first hearing.

On the appeal to the district court, the case was tried by agreement on the record made in the county court and was decided in favor of the respondents.

We decided in Jones et al. v. Denton, Ex'r, et al., 192 Okla. 234, 135 P. 2d 53, that where a person files a contest after the admission of the will to probate, the burden is on the contestant to establish the invalidity of the will. The only witnesses offered here were the attesting witnesses, and their testimony conflicted with what they had previously given. The trial court had the right to believe that testimony of theirs which seemed most reasonable.

To reverse the trial court, we would have to hold that its decision was against the clear weight of the evidence. See In re Smith's Estate, 197 Okla. 405, 172 P. 2d 328; Barnes v. Logston, 184 Okla. 464, 88 P. 2d 361. We cannot see our way clear to do that on the conflicting statements of the attesting witnesses.

Judgment affirmed.