Joan Wilson ROSE and Johnice Wilson, a Minor, by her Guardian, Lois Wilson, Plaintiffs in Error,

v.

Libbie FOSTER and Willie A. Wilson, Co-executors of the Estate of Turie Wilson, Deceased, Defendants in Error.

No. 36769.

Supreme Court of Oklahoma.

Sept. 20, 1955.

Rehearing Denied Oct. 18, 1955.

Charles E. Dierker, Byrne A. Bowman, Oklahoma City, for plaintiffs in error.

Mike Foster, Warren H. Edwards, John M. Lawrence, Oklahoma City, for defendants in error.

PER CURIAM.

This appeal is prosecuted to reverse the judgment of the District Court of Oklahoma County sustaining the County Court in denying the contest of the will of Turie Wilson, deceased, after its admission to probate. The parties will be referred to as they appeared in the lower court. That is, the plaintiffs in error will be referred to as the contestants and the defendants in error as the proponents.

The petition to probate the will was filed in the County Court in February, 1953. Thereafter, on March 1, 1954, contestants filed their protest in County Court. Contestants maintain that the decedent was incompetent to execute a will at the time of the purported publication of this will and that she was under undue influence, menace, and duress.

In an appeal of this nature it is the duty of the Supreme Court to examine the entire record and weigh the evidence. Anderson v. Davis, 208 Okl. 477, 256 P.2d 1099. It would unduly lengthen the opinion to set out in detail the testimony of the various witnesses. Briefly, however, the record discloses that the decedent was an elderly lady who was afflicted with some physical disability, i. e., angina pectoris and Parkinson syndrome. This disability seemed to progress with age. She had been living with her daughter, Pearl Gunter, near Shawnee, but left there and moved to the home of another daughter, Libbie Foster, in Oklahoma City, Oklahoma, shortly before the execution of the will now called in question. The decedent, although aged and somewhat infirm, maintained active control of her estate involving assets in Oklahoma and Texas. She was mentally alert. The will was drawn according to her instructions by an attorney called to the Foster home by a neighbor at the request of the decedent. Mrs. Wilson and her attorney conferred in private concerning the provisions of the instrument. The will was executed in accordance with the requirements of the statutes. There were four witnesses to the manner in which the will was published and executed by decedent, none of whom were related to Mrs. Wilson or to each other. All testified she knew and understood what she was doing. Mrs. Wilson read the will before signing, and none of her heirs or beneficiaries under the will were present in the room.

The contestants rely on Anderson v. Davis, supra, and In re Chubbee's Will, 133 Okl. 156, 271 P. 681, for reversal of this case. Suffice it to say that from our careful reading of the record in the case, the authorities cited are readily distinguishable. The Anderson case seems to have turned on the fact that Mr. Anderson had no independent advice in connection with the execution of his will but was assisted in its preparation by the principal beneficiary, a person not related to him. In the case of In re Chubbee's Will, supra, the trial court held that a simple minded, uneducated Indian woman, living in a very narrowly circumscribed sphere and understanding little about technical business affairs did not have the mental capacity to execute a will. This court reversed the trial court and held that the decedent did have testamentary capacity. In neither case cited are the facts controlling in this case.

■■ Counsel have energetically argued both lack of capacity and undue influence, but they seem to rely mainly on the latter ground. On capacity it seems sufficient to note that no witness testified that Mrs. Wilson lacked the ability to know her property and the understanding to bequeath it intelligently. To the contrary, most of

them admitted she was able to make a will. It has been held many times that advanced age or physical infirmity alone does not render one incapable of making a will. Dunkin v. Rice, 197 Okl. 150, 169 P.2d 210.

It is urged that the confidential relationship existing between Mrs. Wilson and her daughter, Mrs. Foster, raises an inference of undue influence. In paragraph six of the syllabus in Anderson v. Davis, supra, it was held [208 Okl. 477, 256 P.2d 1100]:

"When a will is prepared by the sole or principal beneficiary, who was the confidential agent, or who occupied a position of confidence or trust, to the testator, the instrument will not be held valid as a will unless it be affirmatively shown (a) that the testator read or knew its contents, and (b) had independent advice with reference thereto. In re Kuhn's Will, 120 Kan. 13, 241 P. 1087."

If we could assume in the case now before us that Mrs. Foster was the principal beneficiary, and further assume that she occupied a confidential relationship with testatrix, the evidence here is uncontradicted that testatrix read and knew the contents of her will and had the independent advice of her attorney in its preparation. Furthermore, there is no testimony directly tending to show any undue influence such as would vitiate the will. In the case now before us, the deceased expressly refused to permit her daughter and the children of a deceased son and daughter to share in her estate for the reason that she considered she had already contributed to them their portion of the assets. Whether this was wise or just is not an issue. It is to be remembered that "undue influence" means "wrongful influence" and that in order to invalidate a properly executed will this unwarranted influence must have been used to mold the decision of the testatrix. In re Jones Estate, 190 Okl. 123, 121 P.2d 574; In re Martin's Estate, Okl., 261 P.2d 603; In re Fletcher's Estate, Okl., 269 P.2d 349.

Will cases are of purely equitable cognizance, and upon appeal it is the duty of the Court to examine the whole record and weigh the evidence and render such judgment as should have been rendered in the District Court. Anderson v. Davis, supra.

It is equally well settled that the findings and judgment of the trial court will not be disturbed on appeal unless clearly against the weight of the evidence. In re DeVine's Estate, 188 Okl. 423, 109 P.2d 1078.

From our examination of the testimony we conclude the evidence amply sustains the judgment and that the findings of the trial court are not against the clear weight of the evidence.

The judgment is affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Nease and approved by Commissioners Reed and Crawford, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.