**Thompson BROWN, Appellee,**

v.

**David ROCHESTER et al., Appellants.**

No. 46678.

Court of Appeals of Oklahoma, Division No. 1.

Oct. 1, 1974.

Released for Publication by Order of Court of Appeals Oct. 31, 1974.

Minter & Bolt by Joseph O. Minter, Madill, for appellee.

Tom Shaw, Tishomingo, for appellants.

BOX, Presiding Judge.

An appeal by David Rochester, Francis Rochester, now Rollins, Florence Rochester, now Sides, Juanita (alias Nita) Brown, now Porter, Ervin Johnson, contestants in the probate of the will of Nannie Brown, now Johnson (deceased) from the ruling of the trial court in favor of Thomas Brown, proponent of the will.

On the 26th day of January, 1973, Thompson Brown filed in court his "Petition for Probate of Will" in which he sought the order of the court for the admission to probate as the Last Will and Testament of Nannie Brown, now Johnson, a certain instrument bearing date of January 7, 1971.

On the 13th day of February, 1973, David Rochester, Francis Rochester, now Rollins, Florence Rochester, now Sides, nephew and nieces, respectively, of Nannie Brown, now Johnson, Juanita (alias Nita) Brown, now Porter, sister of Nannie Brown, now Johnson, and Ervin Johnson, husband of Nannie Brown, now Johnson, filed a petition contesting the will, in which they allege that said will was not approved by a Judge or an Associate District Judge of the District Court as required by the Act of Congress of April 26, 1906, and amendatory Acts thereto, and that at the time of the alleged execution of said instrument the testatrix was not of sound mind or memory, or in any respect mentally competent or capable of making a disposition of her property or a Last Will and Testament.

The case was tried on the 19th day of April, 1973, in the District Court of Johnston County, Oklahoma.

On the 30th day of May, 1973, the trial judge entered an Order and Supplemental Order ruling in favor of the plaintiff-appellee Thompson Brown, proponent of the will, and ruling against the defendants-ap-

pellants on all issues raised at the hearing of the case.

The facts briefly are as follows: The testatrix, Nannie Brown, now Johnson, was a full blood Chickasaw Indian, enrolled opposite No. 3214. The instrument sought to be admitted to probate as the Last Will and Testament was executed by her on the 7th day of January, 1971, and appears as follows:

"I, Nannie Brown now Johnson, full blood Chickasaw Indian, roll number 3214, Tishomingo, Oklahoma, being in good health and sound in body and mind, but conscious of the certainty of death, do hereby make, publish and declare this to be my last will and testament, revoking any and all wills which I may have made before this date.

"I declare that I have been married three (3) times. My first husband was Ollie Williams, who is dead. My second husband was Cole Hale, also deceased. My third husband is Irving Johnson. We are not living together. We have been separated for many years but we have not been divorced. I have no children and have never had children.

"I devise and bequeath my entire estate, both vested and contingent, real and personal, of every nature and wherever situated, to my brother, Thompson Brown, full blood Chickasaw Indian, roll number New Born 473.

"To the best of my knowledge and belief, the above persons constitute my sole heirs, but if any person should prove to the satisfaction of the court that such person is in fact an heir and entitled to inherit from me, then I direct that such person take nothing from my estate.

"I request that the sole devisee, Thompson Brown, be appointed executor of my estate and that he be allowed to serve without bond.

"To this my last will and testament consisting of two sheets of legal size paper, including certificates, I have here-

unto subscribed my name this 7th day of January, 1971.

"/s/ Nannie Brown now Johnson
"Nannie Brown now Johnson
TESTATRIX

"Subscribed by Nannie Brown now Johnson, full blood Chickasaw 3214, in the presence of each us, the undersigned, and at the same time declared by her to us to be her last will and testament, and we thereupon, at the request of Nannie Brown now Johnson, in her presence and in the presence of each other, sign our names hereto as witnesses this 7th day of January, 1971.

"/s/ Jack H. Smith  Ardmore, Oklahoma
(P.O. Box 1087)
"/s/ J. I. Goins  Ardmore, Oklahoma
Subscribing Witnesses  Addresses

"State of Oklahoma ⎱
"County of Johnston ⎰ ss

"Before me, JAMES C. MATHERS, Associate District Judge in and for Johnston County, Oklahoma, personally appeared Nannie Brown now Johnson, full blood Chickasaw 3214, Jack H. Smith and J. I. Goins, known to be to be the testatrix and the witnesses, respectively, whose names are subscribed to the annexed and foregoing instrument in their respective capacities and all of said persons being by me first duly sworn, said Nannie Brown now Johnson, testatrix, declared to me and to said witnesses in my presence that said instrument is her last will and testament, and that she had willingly made and executed it as her free and voluntary act and deed for the purposes therein expressed; and said witnesses each on his oath stated to me in the presence and hearing of said testatrix that she had declared to them that said instrument is her last will and testament and that she executed same as such and wanted each of them to sign as a witness; and upon their oaths, said witnesses stated further that they did sign the same as witnesses in the presence of

said testatrix and at her request, and that said testatrix was at that time of legal age and was of sound mind.

> "/s/ Nannie Brown now Johnson
> "Nannie Brown now Johnson
> TESTATRIX
> "Jack H. Smith    WITNESS
> "J. I. Goins        WITNESS

"Subscribed and acknowledged before me, by the said Nannie Brown now Johnson, full blook Chickasaw 3214, Testatrix, and subscribed and sworn to before me by the said Jack H. Smith and J. I. Goins, Witnesses, this 7th day of January, 1971.

> "/s/ James C. Mathers
> "Associate District Judge,
> Johnston County, Oklahoma."

The trial court held in part as follows:

"NOW ON THIS 30th day of May, 1973, the Court enters the following Order supplementing its original Order entered herein on the 30th day of May, 1973, to-wit:

"That said will was approved in accordance with the Act of Congress of April 26, 1906 as amended, by the Honorable James C. Mathers, Associate District Judge within and for the Twentieth Judicial District of the State of Oklahoma.

"To which original Order and Supplemental Order of this Court the petitioners contesting said will except, and their exceptions are allowed.

> "/s/ G. Dixie Colbert
> "ASSOCIATE DISTRICT
> JUDGE."

Appellants allege in their Proposition II as follows:

"Was the instrument purporting to be the last will and testament of the testatrix, Nannie Brown Johnson, who was a full blood Chickasaw Indian, approved by a judge of the District Court, as provided by Sec. 23 of the Act of Congress of April 26, 1906, and the amendatory acts thereof, where the testatrix attempts to disinherit her husband, Ervin (Irving) Johnson?"

Section 23 of the Act of Congress of April 26, 1906, and amendatory acts thereof, provides as follows:

"Sec. 23. Every person of lawful age and sound mind may by last will and testament devise and bequeath all of his estate, real and personal, and all interest therein: Provided, That no will of a full-blood Indian devising real estate shall be valid, if such last will and testament disinherits the parent, wife, spouse, or children of such full-blood Indian, *unless acknowledged before and approved by a judge of the United States Court* for the Indian Territory, or a United States commissioner. (Amended by Sec. 8 of the Act of Congress of May 27, 1908, to read 'County Judge,' and later amended to read 'Judge of the District Court.'" (Emphasis added.)

In the case of In re Baptiste's Will, Howland v. Baptiste, 110 Okl. 267, 237 P. 854, the Supreme Court held:

"Syllabus by the Court.

. . . . . .

"A devise by a full-blood Indian testator of his real estate, which deprives the parent, wife, spouse, or children of such testator of the estate therein, to which they or any of them would succeed upon his death intestate, disinherits such parent, wife, spouse, or children, so deprived, within the provisions of Act. Cong. April 26, 1906, c. 1876, § 23, 34 Stat. 145."

In the case of Lauderdale v. Tookolo, 114 Okl. 187, 245 P. 587, the Supreme Court held:

"Syllabus by the Court.

. . . . . .

"Record examined in instant case, held that inasmuch as the will here in question attempted to disinherit the mother of the decedent and was not approved by a Judge of the United States Court for the Indian Territory, or a United States

commissioner, or a judge of a county court of the state of Oklahoma, as provided by section 23 of the Act of April 26, 1906, same is void, *and the plaintiff herein, being a niece of the deceased, is a proper party to maintain this action."* (Emphasis supplied to answer appellees' questioning appellant's right to protest will.)

The latest case in which the Supreme Court had reason to rule on the question involved was Parnacher v. Hawkins, 203 Okl. 387, 222 P.2d 362, wherein at page 363 the Court set out the proper manner of approving same, as follows:

" . . . The will of the testatrix was duly attested, and was on the same day, December 3, 1936, adknowledged before and approved by W. C. Edwards, United States Commissioner for the Eastern District of Oklahoma. The approval by the United States Commissioner, as it appears on the will reads as follows:

" 'State of Oklahoma, Pontotoc County, SS.

" 'Whereas on this the 3rd day of December, 1936, Lizzie Parnacher, now McGee, the testator, appeared before me requested that the above and foregoing instrument be approved by me as her last will and testament and after examining the said Lizzie Parnacher, now McGee, and being fully convinced that she was not acting under influence or persuasion, and that she is in possession of her mind and all her faculties, I do hereby approve the above and foregoing instrument as the last will and testament of Lizzie Parnacher, now McGee.

" 'Witness my hand on this 3rd day of December, 1936.

" 'W. C. Edwards, United States Commissioner for the Eastern District of the State of Oklahoma.      (Seal)' "

█ The will involved, heretofore set out, does not meet the requirements as it does not carry the approval of the Associate District Judge. Both approval by and acknowledgement before the proper

official are essential. The omission of either is fatal. See Caesar v. Burgess, 103 F.2d 503 (10 Cir. 1939) at pp. 508–509.

Appellee argues that an examination of the acknowledgment and approval of the will by the judge of the district court would be premature; that the need for such acknowledgment and approval does not arise until the will has been construed as disinheriting a protected person. Therefore such construction is not the task of a probate court.

The case of Armstrong v. Letty, 85 Okl. 205, 209 P. 168 (1922), followed this reasoning. The court held in their first syllabus:

"The approval and acknowledgment of the will of a full-blood Indian, required by Act Cong. April 26, 1906, § 23, as amended by Act Cong. May 27, 1908, § 8, is not an element of the execution and attestation contemplated by the statute of Oklahoma and is not within the purview of the jurisdiction of the county court in admitting a will to probate."

In the body of the opinion the court went on to say, at page 171:

" . . . In a general sense the acknowledgment and approval required by a full-blood Indian, by the act of Congress is an act of execution but it is not part of the execution and attestation of the will as required by Oklahoma Statutes. The county court in probating the will has only to determine whether or not it has been signed by the testator and published by him and attested by witnesses in the manner required by the statutes of Oklahoma."

█ However, through an interpretation of the action of the Oklahoma Supreme Court in Parnacher v. Mount, 207 Okl. 275, 248 P.2d 1021 (1952), we find we have jurisdiction to now review the decision of the probate court in ruling on the acknowledgment and approval. In Parnacher v. Mount, supra, the trial court, sitting in probate, passed on the sufficiency of the acknowledgment and approval. The trial court in the instant case has done the

**1146**

same. In their opinion in the *Mount* case, the Oklahoma Supreme Court quoted from Armstrong v. Letty, supra, then went on to rule that the acknowledgment and approval by the county judge had been in accordance with the requirement of the federal statute.

The United States Court of Appeals for the Tenth Circuit in Parnacher v. Mount, 207 F.2d 788 (10 Cir. 1953), discussed the action taken by the Oklahoma Supreme Court and determined that they had jurisdiction to decide this issue and that their disposition was final, subject only to appeal to the United States Supreme Court.

We therefore hold that we have jurisdiction to determine this issue in this case. We find that the attestation by Judge Mathers did not constitute the requisite acknowledgment and approval. Therefore the will is invalid.

The judgment of the trial court is reversed with instructions to deny the will to probate, and proceed accordingly.

Reversed and remanded with instructions.

ROMANG, J., concurs.